## PRESTON v. VAN GORDER.

Tax sale: EFFECT ON PRIOR DELINQUENCIES. A sale of land for taxes frees it in the hands of the purchaser from any and all liens thereon for delinquent taxes for prior years.

*Appeal from Audubon District Court.*

### THURSDAY, APRIL 6.

PETITION for injunction, stating that on the 3d day of December, 1866, certain lands in Audubon county were sold by the county treasurer for delinquent taxes of 1865; purchased by Thacker & Stotts, and certificates issued to them thereon; that in April, 1868, said certificates were duly assigned to the plaintiff; that on the 25th day of January, 1870, Charles Van Gorder, as treasurer of said county, deeded to the plaintiff, the holder of said certifi-

cates, the lands so sold for taxes, which deed was duly recorded on the same day; that on the 10th day of October, 1870, said treasurer advertised said lands for sale for the taxes of 1864; that on the 25th day of November, 1867, certain other lands in said county were, by the treasurer, sold to the plaintiff for the delinquent taxes thereon for 1866; that on the 10th day of October, 1870, the said treasurer advertised said lands for sale for the delinquent taxes thereon for several years *prior to* 1866.

The petition prayed an injunction to restrain the treasurer from selling any of said lands as advertised. An order for the writ was made by the judge of the district court in vacation, and on compliance with the terms of the order the writ was issued as prayed on the 18th day of October, 1870.

On the 27th day of the same month defendants made a motion to dissolve and vacate the order allowing the injunction, and on a hearing before the judge who made the order the same was vacated and set aside, from which plaintiff appeals.

*Andrews & Griggs* for the appellant.

*John W. Scott* for the appellees.

MILLER, J. — I. This cause is submitted by counsel on both sides without argument or brief of any kind. We are, therefore, without the aid of counsel in our investigation of the important questions involved.

Section 759 of the Revision of 1860 provides that, " on the first day of February the unpaid taxes, of whatever description, for the preceding year shall become delinquent, and shall draw interest, etc., and taxes upon real property are hereby made a perpetual lien thereupon against all persons, except the United States and this State."

Section 763 enacts that, " on the first Monday of October in each year, the county treasurer is required to offer at public sale at the court-house, or, if there be no court-house, at the office of the county treasurer, all lands, town lots, or other real property, on which taxes of *any description* for the preceding year *or years*, shall have been delinquent and remain due and unpaid, and *such sale shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid on such real property.*"

The treasurer is required, by section 781, " after the expiration of the term of three years from the date of sale of any land for taxes," under the statute, to " make out a deed for each lot or parcel of land sold, and remaining unredeemed, and deliver the same to the purchaser upon the return of the certificate of purchase." And section 784, in defining the effect of the treasurer's deed, provides, that when executed substantially as required by the statute, and duly recorded, it " shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, *and also, all the right, title, interest and claim of the State and county thereto,*" etc.

We have thus recited the various portions of the statute, from which our conclusions are to be deduced ; and it will be seen, in the first place, that the taxes levied on lands are made a " perpetual lien thereon." This must be understood, of course, as a lien continuing until divested in the manner provided by law. In the next place, it is provided, that, at a time specified, the treasurer of the county is authorized and required to sell, in the manner provided, all lands, etc., on which taxes of *any description* for the preceding year *or years* shall have been delinquent and remain due and unpaid, " and *such sale shall be made for and in payment of the total amount of taxes, etc., due and unpaid on such real property.*" Stronger or clearer language could, with difficulty, have been chosen to convey the intention of the legislature, that when taxes upon real

property for several years have become delinquent, and remain due and unpaid, the land must be sold at a single sale for the total amount of taxes thus due and unpaid. The treasurer possesses no power or authority, independent of the statute, to sell lands for delinquent taxes. His authority is derived alone from the statute, and in the exercise of the authority conferred he must conform strictly thereto. *Abel* v. *Cross*, 17 Iowa, 171. This section gives the treasurer no discretion to sell lands *now*, for the delinquent taxes of the preceding year, and *again* for those of a former year. He is " required to offer " them " at public sale " (not sales), " and such *sale* " (the only sale authorized by law) " *shall* be made for and in payment of the *total amount of taxes, etc., due and unpaid* " thereon. He has authority to make but one sale for delinquent taxes then due and unpaid. This is clearly the limit of his authority under section 763, and no where else in the statute do we find any authority for a second sale for taxes delinquent, and unpaid at the time of the first sale. The statute conferring the authority on the treasurer to sell lands for delinquent taxes also limits it. Beyond the authority thus conferred, he cannot go.

If the treasurer fails to sell, as the law *requires* him to do, " for the total amount of taxes, interest and costs delinquent," he may possibly render himself liable on his official bond, but as this question is not before us, we do not pass upon it.

II. Again, the statute authorizes the treasurer to make out and deliver to the tax purchaser a deed for the land if not redeemed within three years from the date of sale, and such deed, when properly executed, acknowledged and recorded, not only conveys to the purchaser all the right, title, interest and estate of the former owner, but also " all the right, title, interest and *claim* of the State and county " to the lands sold. The purchaser, by his deed, acquires all the *right, title, interest* and *claim* of the former owner and

of the *State* and *county* in and to the land, and the lien of the taxes previously assessed thereon, being included within these terms, is divested. It merges in the title conveyed to the purchaser.

It follows, therefore, that unpaid delinquent taxes for years prior to that for which the land was sold are no longer liens thereon and cannot be enforced against the land thus sold for delinquent taxes.

Sections 810 and 811 of the Revision, protecting liens in behalf of the school and university funds from being divested or affected by a sale of lands for taxes under the revenue statute, has no bearing on the questions in this case further than it serves to strengthen the views herein expressed.

The enactment of these latter sections shows that a sale of lands for taxes was intended to divest all existing liens thereon except those saved to the school and university funds.

The order vacating and dissolving the injunction must be

Reversed.