Bowman v. Thompson.

---

## BOWMAN v. THOMPSON.

1. **Tax sale:** PRIORITY OF TITLE. A sale of land for taxes frees it in the hands of the purchaser from all liens or liability for taxes of previous years.

2. —— APPLICATION OF RULE. Hence, where lands were sold for taxes of 1861–2–3, and afterward again sold for those of years prior to those named, it was *held*, that the title derived at the first sale was paramount.

*Appeal from Grundy Circuit Court.*

MONDAY, JUNE 9.

THIS action is brought by the plaintiff, who claims to be the owner of the north-west one-quarter of section 15, township 89, range 17, west, for the purpose of determining the question of title thereto, as against the defendant, who, also, claims title. It is based on Revision, section 3601, neither party being in the actual possession of the land. The cause was tried, by the second method, to the court, who found for the plaintiff and rendered judgment accordingly. The defendant appeals.

*Griffith & Knight* for the appellant.

*W. H. McClure* for the appellee.

COLE, J. — Both parties claim under tax title, and no question is made as to the regularity of the proceedings, prior to the sale under which the parties respectively claim title. The plaintiff acquired his title by virtue of a sale for the delinquent taxes for 1861, 1862 and 1863, made October 5, 1864— the deeds therefor being executed and recorded October 26, 1868. The defendant acquired his title by virtue of a sale for the delinquent taxes for 1857, 1858, 1859 and 1860, made November 29, 1864—the deeds therefor being executed and recorded December 2, 1867. Thus the question is presented, which gives the paramount title, a prior sale for the taxes last levied, or a subsequent sale for taxes previously levied ?

This question was, in effect, directly decided by this court in *Preston* v. *Van Gorder*, 31 Iowa, 250, where it was *held*, that a sale of land for taxes frees it, in the hands of the purchaser, from any and all liens thereon for delinquent taxes for prior years. While we acknowledge the force of the well-put argument against this view, made by the appellant's counsel,

yet we do not feel that it is sufficiently conclusive to justify us in overruling our former decision, which seems to rest on quite as solid a basis as the opposite view.

Affirmed.