DENNISON v. THE CITY OF KEOKUK.

FORD v. BRUCE ET AL.

1. **Tax Sale:** LIEN OF CITY FOR TAXES. The deed of the county treasurer of realty sold for State and county taxes does not divest the property in the hands of the purchaser of the lien of the city for unpaid taxes.

2. ———: CITY TAXES: TAXES OF PRIOR YEARS. A sale for city taxes of one year does not divest the lien of the city for the unpaid taxes of prior years.

3. ———: ———: PRIORITY OF LIEN. The lien of the tax purchaser is subject to the lien of the city for the taxes of prior years.

*Appeal from Lee District Court.*

THURSDAY, DECEMBER 14.

THESE cases are submitted together as involving the same question of law. The plaintiffs respectively purchased certain lots in the city of Keokuk at tax sale for State and county taxes, and received respectively the county . treasurer's deed therefor. At the time of said sale there were delinquent city taxes for several years due on said lots. Afterwards the said plaintiffs purchased the said respective lots at a city tax sale for taxes for the last one of the years for which the taxes were delinquent, and each received the city collector's deed. These suits were brought to quiet title. The city of Keokuk

and some others were made defendants. The plaintiff, Dennison, set out in his petition his said treasurer's deed and collector's deed. The city answered, admitting the execution of the deeds, and by cross-petition set up a claim for taxes for the years for which they were delinquent prior to the year for the tax of which the lots were sold at the said city tax sale. To the answer and cross-petition of the city the plaintiff demurred. The plaintiff, Ford, set up in his petition the treasurer's deed. The city filed an answer and cross-petition, setting up its claim for taxes due prior thereto. The plaintiff then filed an amended petition setting up the city collector's deed. To the amended petition the city demurred. The other defendants were defaulted. The court below sustained the demurrer of the plaintiff, Dennison, to the answer and cross-petition of the city, and overruled the demurrer of the city to the amended petition of the plaintiff, Ford. The city appeals in both cases.

*John Gibbons* and *J. H. Craig*, for appellant.

*Brown & Ford* and *M. R. King*, for appellee.

ADAMS, J.—The first question presented is as to whether the deed of the county treasurer divested the lien of the city 1. TAX SALE: for taxes. In *Preston v. Van Gorder*, 31 Iowa, lien of city for taxes. 250, it was held that a sale of land for State and county taxes frees it in the hands of the purchaser from all liens for State and county taxes of prior years. This case is cited by the appellee as showing that such sale should free the land from all liens for city taxes of prior years. But the decision does not have that effect. It was based upon sections 784, 810 and 811 of the Revision, which provide that the treasurer's deed shall vest in the purchaser all the right, title, interest and claim of the State and county to the land, except liens in behalf of the school and university funds. While the city of Keokuk is in one sense a part of the State, we think its lien for taxes cannot be considered as a right, title, interest or claim of the State. It is contended by the appellee that the fact that the legislature made an exception

in favor of the liens in behalf of the school and university funds and did not make an exception in favor of municipal corporations indicates that none was intended. If our view is correct, however, none was needed.

In addition it may be said that by section 763 of the Revision, and section 871 of the Code, it is provided that " the sale (for State and county taxes) shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid." The purchaser, therefore, has a right to assume that the amount paid by him discharges all liens of the State and county and he bids upon such assumption. But the amount bid cannot cover city taxes if any are delinquent on the property, and he may properly enough be required to take notice of them and bid accordingly.

By the charter of the city of Keokuk city taxes are made a perpetual lien upon the real estate upon which they are assessed until they are paid. We cannot give to the treasurer's deed the effect which the appellee claims it has without abrogating this provision of the charter. It may be said that the law makes State and county taxes a perpetual lien also, and still that by *Preston v. Van Gorder*, above cited, a sale for the taxes of one year divests the liens for taxes of all other years. But this results from the doctrine of estoppel.

As the law requires the sale to be made for the total amount due, and the bidder has a right to assume that it is so made, it will be conclusively presumed in his favor afterwards that it was so made. The provision that the deed shall convey all the interest of the State and county effectuates only what would result upon the principle above stated. But it is said that the treasurer's deed conveys an independent title, and that that title originates in the sale, and could not be affected by any lien which had attached upon the property prior thereto. The treasurer's deed conveys precisely what the statute provides it shall and nothing more. It conveys the interest of the former owner and of the State and county, except the liens in behalf of the school and university funds. A lien for city taxes is a different interest and not covered by the provision.

It would, in our judgment, be extremely unwise to allow a sale for state and county taxes to divest the lien which a city may have for city taxes, or to allow a sale for city taxes to divest the lien which the state and county may have for state and county taxes. The very provision made for a sale is based upon the assumption that it is not always practicable to collect without it. As some time must elapse after taxes become due before a sale can be made, it would be possible, if the doctrine of the appellee is correct, for the state and county to cut off no inconsiderable portion of the city revenue, and for the city to cut off no inconsiderable portion of the state and county revenue.

It is argued, and we confess with not a little force, that if the city should allow city taxes to become delinquent to the amount of the value of the property the state and county would thereby be deprived of their revenue; but it is not to be presumed that this will be done. It may happen in exceptional cases; but both city and property owner are interested in avoiding such a result.

We come now to consider whether a city tax deed, made in pursuance of a sale for the taxes of one year, divests the lien of the city for the taxes of prior years. As preliminary to this question, however, we have to consider a question of fact.

It is claimed by the appellee that it does not clearly appear from the collector's deeds that the said lots were sold at city tax sale for the taxes of only one year, and that possibly they were sold for all the taxes due. The deed to Dennison recites that, " there being no goods and chattels found out of which to make the annual taxes charged by the corporation of the city of Keokuk upon the lots in said city, hereinafter mentioned, for the year 1872, I, William Wilson, collector of Keokuk, gave due notice by publication that I would," etc. The deed to Ford contains a similar recital. This is all that is contained in either deed tending to show that the sale was made for the taxes of only one year; but, as we discover nothing tending to show that the sale was made for the taxes of more than one year we think that the appellee's position cannot be maintained.

What effect, then, did the sale for the taxes of one year have upon the liens for taxes of prior years? It is claimed by the appellee that those liens were divested on the ground of estoppel; that the sale for city taxes must have this effect by analogy to the effect of the state and county tax sale. As we have seen, however, the ground of estoppel in the case of a state and county tax sale consists in the fact that, by law, the sale must be made for the total amount of taxes due. As the purchaser may buy upon the assumption that the law is complied with, the state and county should not afterward be heard to aver to the contrary.

<small>2. ——: city taxes: taxes of prior years.</small>

In addition to this result by estoppel, it is expressly enacted that the treasurer's deed shall convey all the interest of the state and county. In determining what effect should be given to the collector's deed we find both of these elements wanting. It was not necessary for the city of Keokuk to sell for all the taxes due, nor is it provided that the collector's deed shall convey all the interest of the city. The collector's deed must have whatever effect it is provided by statute it shall have. By the laws of 1858, chapter 105, page 207, it is provided that the deed shall 'have the same effect as the county treasurer's deed under sales made by him, as provided in the Code. By Code is here meant, of course, the Code of 1851. What, then, was the effect of the treasurer's deed under the Code of 1851? Section 503 provides " that the purchaser will be entitled to a deed for the land so purchased by him upon the payment of the proper amount, which deed shall run in the name of the State of Iowa and be signed by the treasurer in his official name, and will convey the title to the land, and shall be presumptive evidence of the regularity of all prior proceedings. The purchaser acquires the lien of the tax on the land, and if he subsequently pays any taxes levied on the same he shall have the same lien for those, and may add them to the amount paid by him in the purchase."

It has been held that " the purchase creates between the purchaser and the owner the relation of mortgagee and mortgagor, and until foreclosure the right of possession remains in the owner." *Crosthwait v. Byington*, 11 Iowa, 532.

Until foreclosed the owner has a right to redeem. The purchaser, then, acquires no interest in the land but a lien. It is true the legal title passes, but it is only to support the lien; and in respect to this lien it is to be observed that it is only a lien for the tax for which the sale is made. The language of the statute is: "The purchaser acquires the lien of *the* tax." The specific designation excludes taxes other than those for which the sale is made. If the owner desires to redeem he has only to pay the amount bid with interest, and not, also, all other taxes with interest that might be due on the property at the time of sale.

One other question remains to be determined: Is the purchaser's lien paramount or subject to the city's lien for the taxes of the prior years? We think it is subject.

3. ——: ——: priority of lien. The purchaser may, by law, pay the other taxes and add them to his lien. The city cannot pay the purchaser and add the amount thus paid to its lien. The purchaser, therefore, in case his lien is regarded as subject, can protect himself. The city, in case its lien is regarded as subject, cannot protect itself.

We are of opinion that the District Court erred in sustaining the demurrer of the plaintiff, Dennison, to the answer and cross-petition of the city, and in overruling the demurrer to the plaintiff, Ford's, amended petition, and that both cases must be

REVERSED.