SHOEMAKER ET AL. V. LACY.

1. **Tax Sale**: REDEMPTION FROM: DOUBLE SALE. A tract of land cannot be twice sold for taxes at the same sale, notwithstanding the taxes thereon may be delinquent for two different years, and the second sale being invalid the purchaser is not entitled to a deed, and redemption therefrom is unnecessary.

*Appeal from Warren District Court.*

WEDNESDAY, MARCH 21.

ACTION to set aside a tax deed. This cause was first tried in the District Court in 1872, and the plaintiff's petition was dismissed. On appeal to this court the judgment of the District Court was reversed and the case remanded. On motion in the District Court a decree was rendered setting aside the deed as prayed in the petition. From the decree the defendant appeals.

Prior to the rendition of the decree a motion had been made in this court by defendant to tax the costs of this court to plaintiffs. The appeal and motion have been argued and submitted together.

*Bryan & Seevers*, for appellant.

*Williamson & Parrott*, for appellees.

ADAMS, J.—I. The plaintiffs are the owners of certain land in the county of Warren. The defendant obtained a tax deed 1. TAX SALE: of said land. This action was brought to set aside redemption from: double the deed on the ground that prior to its execution sale. the plaintiffs redeemed the land from the tax sale. The defendant denied that the land had been redeemed, and upon this issue the parties proceeded to trial. It appeared in evidence that on the 13th day of Oct., 1864, the land was sold to defendant at tax sale for the tax of 1863, and a certificate, No. 214, was issued in pursuance thereof. Afterward, but on the same day, the land was sold again at tax sale for a different

amount, but whether the sale was for the tax of 1863 or 1860 does not distinctly appear. A certificate was issued, numbered 215. Before the expiration of the three years the plaintiffs applied to redeem, and paid the sum necessary to redeem from the sale, as shown in certificate No. 214.

They did not attempt to redeem from the other sale, supposing that there was no other sale, and that they had made a complete redemption. After the expiration of three years the defendant obtained a tax deed upon certificate No. 215; that is the deed which this suit was instituted to set aside. The District Court held that the land had not been redeemed, as plaintiffs averred in their petition, and dismissed their petition. This court reversed the judgment.

MILLER, J., said: "We are convinced from all the evidence that the effort to make full redemption was made in good faith, but was defeated by the unauthorized conduct of the treasurer. Equity and good conscience require that the plaintiffs should now be permitted to redeem by paying the amount for which the lands were sold on the other sale, as shown in tax sale certificate No. 215."

The plaintiffs, without paying or tendering the amount called for by said certificate, moved for a decree in accordance with the prayer of their petition, and the District Court granted it, and the defendant's deed was declared null and void. The appellant contends that this court at most granted only the right to redeem, which right the plaintiffs never exercised; that the land was therefore not in fact redeemed, and that the District Court erred in setting aside the deed. From the quotation made above from the opinion it will be seen that the appellant's position is plausible.

We are constrained to think, however, that it cannot be maintained. What this court did under the issue and undisputed facts is the essential thing. It reversed the decision of the court below; this could not have been done on the ground that the plaintiffs had attempted to redeem and failed through a mistake, and without fault on their part, and were therefore entitled to relief. No such issue was tendered. The plaintiffs averred that they had redeemed, and defendant denied it; this

was the issue; no other was presented. The District Court found that the plaintiffs had not redeemed. This court reversed the decision. Now the reverse of that decision certainly is that the plaintiffs had redeemed. And such indeed appears to have been the fact. They had redeemed from the sale as shown in certificate No. 214, and that was really the only sale; the other sale was made without authority of law and was void. Section 763 of the Revision provided that "the sale shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid." The sale then made as shown in certificate No. 214 must be regarded as having been made "for and in payment of the total amount of taxes," etc. There was then no tax for which the land could be sold again at that time. This was held substantially in *Preston v. Van Gorder*, 31 Iowa, 250, and MILLER, J., in his opinion in the case at bar cites approvingly that case, and holds that the second sale was unauthorized. But it is plain to see that it was unauthorized because the first sale was made "in payment of the total amount of taxes" on the property. It was not, therefore, a sale from which a redemption was necessary.

In *Noble v. Bullis*, 23 Iowa, 559, there had been two sales as in this case. The plaintiff redeemed from the second and not the first. It was held that the redemption was not good, but that the plaintiff might under the circumstances redeem, notwithstanding the three years had expired.

That case it will be seen differs from this in a material point. The redemption in that case was made not from the valid but the invalid sale. It is not applicable, therefore, to this case as showing that the plaintiffs have still to redeem.

We think, then, that this court might have gone farther than it did in the case at bar, and dispensed with a redemption altogether. Indeed the effect of the decision was to dispense with a redemption. Such being our view it follows that the decree of the District Court is correct.

II. What we have already said will indicate our view on the question of taxation of costs. The District Court, while rendering a decree setting aside the defendant's deed, rendered

judgment in defendant's favor for the amount necessary to redeem.

The defendant contends, therefore, that if this court held that he was entitled to judgment for the amount necessary to redeem, or entitled to the land unless redeemed, in either case he should recover the costs in this court. But, as we have seen, the reversal of the case upon the issue made was necessarily a decision that the land had been redeemed as plaintiffs averred. What was said about plaintiffs being still permitted to redeem was unnecessary. Upon that point the decision was more favorable to the defendant than he was entitled to, and he should not take advantage of the fact upon a question of costs.

AFFIRMED.