## BOWMAN ET AL. V. ECKSTIEN.

1. **Tax Sale:** ASSIGNMENT OF CERTIFICATE: REDEMPTION. The assignment of a tax certificate to one who has subsequently to the sale become the holder of the patent title, will not operate to discharge the land of the lien of prior delinquent taxes. The assignment under such circumstances is in its legal effect a redemption of the land from the tax sale. ADAMS and SEEVERS, JJ., *dissenting*.

*Appeal from Hamilton Circuit Court.*

### THURSDAY OCTOBER 4.

IT is averred in the petition that on the 3d day of October, 1870, the defendant, as treasurer of Hamilton county, sold forty acres of land to one Estes, for the delinquent taxes of 1869; that subsequently said Estes, for a valuable consideration, assigned the certificate of purchase to the plaintiffs; that more than three years have elapsed since said sale, and these plaintiffs are entitled to a treasurer's deed for said land; that plaintiffs have tendered to defendant the lawful fee for such deed, and offered to return the certificate of purchase, with the assignment, and that the defendant refuses to make and deliver a deed. It is asked that a peremptory writ of mandamus issue, commanding the defendant to execute and deliver a tax deed to plaintiffs.

The answer admits the sale, and the purchase by Estes for the delinquent taxes of 1869, and that plaintiffs hold an assignment of the certificate of sale, and that the time for redemption has expired. It is also admitted that a demand for a deed was made, and that defendant refused to execute and deliver the same.

It is further averred in the answer that the said sale was erroneous, and made by mistake, that at the time of the sale the land was delinquent for taxes for ten years prior to 1869, and that the tax for each of said ten years was then a lien upon the land; that said taxes had not been carried forward on the tax book of 1869, and that soon after the sale defendant notified Estes of said mistake, and offered and

tendered him full redemption for the land; that about the time said mistake was discovered defendant notified plaintiff, Bowman, of the erroneous sale, and of the other delinquent taxes then standing against the land; that said Bowman then represented to defendant that he and his co-plaintiff, Smith, were the owners of the land; that soon thereafter plaintiffs procured an assignment of the certificate of sale from said Estes, for the purpose of avoiding the payment of said delinquent taxes; that defendant as treasurer afterward, on the 7th day of October, 1872, sold said land to one Everts for $136.83, that being the amount of the delinquent taxes for all of said years, and gave him a certificate of sale therefor.

There was a demurrer to the answer, which was overruled, and the plaintiffs filed a reply denying the allegations of the answer. There was a trial by the court, and a judgment was rendered for the defendant for costs. Plaintiffs appeal.

*Wm. H. McClure* and *Miracle & Kamrar*, for appellants.

*Chase & Covil*, for appellee.

ROTHROCK, J.—I. It is not claimed that the taxes upon the land for the years prior to 1869, and back to and including the year 1859, have ever been paid. It is claimed, however, that as there can be but one sale for delinquent taxes for all the years, the plaintiffs as assignees of the purchaser are entitled to a deed regardless of the amount of unpaid and delinquent taxes. This question must, we think, be determined by the connection of the plaintiffs with the original title to the land, and the effect of the assignment of the certificate of sale to them, and the further fact that the treasurer by mistake omitted to include the taxes of the former years on the sale to Estes.

1. TAX SALE: assignment of certificate: redemption.

The evidence shows that Estes, the purchaser at the tax sale was notified by the defendant that the sale was erroneous, and made through mistake, and the necessary amount to satisfy the claim of Estes was tendered to him. Walter W. Smith was the holder of the patent title to the land, and conveyed the same to the plaintiffs by warranty deed, on the 14th day

of November, 1871. Bowman, one of the plaintiffs, within a few days after the conveyance of the land to him and his co-plaintiff, made an examination as to the taxes thereon, and then learned of the delinquent taxes for the years prior to 1869. After this plaintiffs purchased the tax sale certificate from Estes, and took his assignment thereof.

Under these circumstances we are of opinion that the assignment of the certificate of sale to the plaintiffs was, in its legal effect, a redemption by the owners of the land from the tax sale, and that if the defendant were to execute a deed to the plaintiffs, it would have no greater effect or force than a certificate of redemption.

Counsel for appellants urge that the sale of the land for taxes frees it in the hands of the purchaser from any and all liens thereon for delinquent taxes for prior years, and the cases of *Preston v. Van Gorder*, 31 Iowa, 250, and *Bowman v. Thompson*, 36 Ib., 505, are cited in support of such rule.

The cases cited hold that the land is free in the hands of the purchaser at the tax sale after the treasurer's deed has been made, but no question is made as to the rights of the purchaser, he being the holder of the original title. It certainly cannot be claimed, if the owner of lands should purchase the same at tax sale where part of the delinquent taxes were by mistake omitted from the sale, or redeem from a sale made to another, that this would operate as a discharge of prior delinquent taxes omitted from the sale by mistake. A contrary rule is recognized in *Shoemaker v. Lacey*, 38 Iowa, 277. The rule contended for by appellants would obtain if a stranger to the original title were now presenting this certificate and demanding a deed.

It is true these plaintiffs acquired title to the land in question after the tax sale. It was, however, before the expiration of three years from the sale. We think they are precluded from acquiring a tax title to the land so as to defeat the payment of prior taxes thereon to the same extent as though they were the owners at the time of the levy of the taxes. See *Stears v. Hollenbeck*, 38 Iowa, 550, and cases there cited; *Smith v. Lems et al.*, 20 Wis., 370.

II.  It is intimated that possibly the conveyance to the plaintiffs is a forgery, and that, therefore, they are not the owners of the patent title.  There is, however, no evidence showing the deed to be a forgery or even tending in that direction.  The evidence does show the title to be in the plaintiffs by a regular succession of conveyances.

Finding as we do that a deed would confer no title upon the plaintiffs, it is not necessary to examine the other questions discussed in argument.

AFFIRMED.

ADAMS, J., *dissenting.*—The defendant, the treasurer of Hamilton county, refuses to execute to the plaintiffs, the holders of a tax certificate, a tax deed, as called for by the certificate.  The reason for such refusal seems to be based upon two grounds:  *First.* There was a subsequent sale of the land for taxes to one Everts; and, *second*, the plaintiffs have acquired the patent title to the land.  In my opinion, neither of these reasons is sufficient to justify the treasurer in withholding the deed.

As to the sale to Everts it may be said that for anything which the record shows the plaintiffs may have redeemed from that sale, or purchased the certificates, or the sale may for some reason have been invalid from its inception.  It is certainly not incumbent upon the plaintiffs, in order to show their right to a deed as called for by their certificate, to aver and show that the certificate issued to Everts is invalid or not outstanding.  If, indeed, they should make satisfactory allegations and proof upon that point, no foundation would be thereby laid for an adjudication against Everts.  He is not a party to this action and cannot be affected by its result.  Nor could he be prejudiced if without adjudication a deed should be issued to the plaintiffs as they demand.  If the sale to Everts is valid he will upon maturity of his certificate become entitled to a deed thereon; and if his rights are superior to plaintiffs' his deed will supersede any deed which can be issued to them.  All questions then in regard to Everts' rights may be thrown out of consideration.

There remains only the question as to whether a county treasurer may withhold a tax deed merely upon the ground that the certificate holder has acquired the patent title. If so he must be clothed with the power to determine whether he has acquired the patent title or not. But the treasurer's duties are ministerial and not judicial. Upon presentation to him of the certificate matured, the deed is to be issued to the holder as a matter of course. Code, section 895. If, in any supposable case, a deed could be properly withheld by him, it could only be done in the interest of the county or State. But there is no pretense that the county or State has any interest in the land involved in this case.

The treasurer's claim is that the plaintiffs in acquiring the certificate have in effect redeemed. Without determining how the transaction should be regarded if the plaintiffs had owed the taxes at the time of the sale, and if liens would be divested if a title should result from the sale, it is evident that the plaintiffs' transaction was not a redemption, but that they succeeded to the rights of Estes of whom they bought. Not the slightest obligation rested upon them to redeem. There is no reason then for holding that what was a purchase of the certificate in form was not a purchase in fact. In no view can I regard the treasurer's answer as showing why the writ of *mandamus* should not issue as prayed.

In other respects I am unable to concur in the doctrine of the majority opinion. I regard it as in conflict with *Shoemaker v. Lacey*, 38 Iowa, 277, and with the same case, 45 Iowa, 422. The majority opinion holds, in substance, that a sale for the taxes of one year does not divest the lien of taxes for other years, but that such lien will follow the land into the hands of a subsequent purchaser and may be enforced against it. In *Shoemaker v. Lacey*, it was expressly held that the treasurer had no authority to make more than one sale. I think the case should be reversed.

SEEVERS, J., concurs in the result reached in this dissenting opinion.