## HOUGH v. EASLEY.

1. **Tax Sale:** PRIOR TAXES: EXTINGUISHMENT OF LIEN. The sale of land for taxes divests the land of the lien of all prior unpaid taxes, and the rule operates as well in favor of the owner who redeems from a sale as the purchaser at tax sale.

2. ——: ——: ——. The case distinguished from *Bowman v. Eckstien*, 46 Iowa, 583.

*Appeal from Hardin Circuit Court.*

MONDAY, DECEMBER 10.

ACTION upon the covenants of warranty in a deed; the breach alleged is the non-payment of certain state and county

taxes for the years 1860 and 1861, which were liens upon the land, and which, before the commencement of this action, were paid by plaintiff. The deed was executed in 1862.

One of the defenses to the action pleaded by the answer is to this effect: The land was sold for taxes, then delinquent thereon, in 1864, and again sold for delinquent taxes in 1865, whereupon the defendant claims that the taxes of 1860 and 1861 and the lien therefor were fully paid and discharged.

The cause was tried to the court without a jury, and judgment rendered for defendant. Plaintiff appeals.

*Huff & Reed*, for appellant.

*Porter & Moir*, for appellee.

BECK, J. After the taxes for 1860 and 1861 had become delinquent the land was sold at two tax sales in successive years, for taxes accruing subsequent to 1861. The defendant redeemed from these tax sales before he conveyed the land to plaintiff, who afterward voluntarily paid the taxes for 1860 and 1861 to the county treasury. The lands were not advertised by the treasurer for sale for these taxes, and no demand therefor was made, or other steps taken for their collection. We are required to determine whether the sale of the lands and subsequent redemption operated to discharge the prior taxes.

1. TAX sale: prior taxes: extinguishment of lien.

Code, section 871, is in this language: "On the first Monday of October of each year the county treasurer is required to offer at public sale, at his office, all lands, town lots, or other real property on which taxes of any description for the preceding year or years shall remain due and unpaid, and such sale shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid on such real property." The language of this provision is incapable of misinterpretation; it expressly declares that tax sales "shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid" upon the real property sold. The sale discharges, is in payment of, all taxes—not of taxes for which ·the land is sold, but of *all* taxes due and unpaid. ·We know

of no rule of interpretation which will permit us to restrict the language and apply it exclusively to the taxes of the years for which the land is sold, or to such taxes as may be set out in the advertisement or other tax sale proceedings. We have nothing to do with the policy of the statute, but its reason and object, when interpreted according to its plain meaning, are not difficult to discover. The statute is intended to secure the collection of taxes with promptness, and without unnecessary oppression and annoyance to the property owner. There can exist no necessity for more than one. sale for all taxes delinquent at one time. A subsequent sale for prior taxes ought not to divest title acquired at a tax sale. The property owner ought not to rest in any uncertainty after a sale as to. his liability for prior taxes. As it is the duty of the treasurer to sell for all taxes due, prior taxes that were due at the sale ought to be considered as paid. With such an interpretation of the statute, tax payers will escape annoyance and risk and loss of their property through the oversight, negligence or failure in duty of the county treasurers. The revenue, too, will be collected with greater promptness than it would under a different interpretation. As the treasurer is required to carry forward to the books of each year the delinquent taxes of preceding years, there exists no reason why land should not be sold for the taxes of all years remaining unpaid. Code, § 845.

We have held that land sold for taxes is held by the purchaser free of all prior taxes. *Preston v. Van Gorder*, 31 Iowa, 250; *Bowman v. Thompson*, 36 Iowa, 505. No reason can be given under the plain language of the provision above quoted why the tax payer himself is not relieved from prior taxes by the sale of the land. The fact that he redeemed from the sale cannot take the case out of the statute; the tax sale, not the deed issued thereon, operates to pay the taxes. A redemption from the sale cannot operate to cancel or set aside the payment made by virtue of the sale. This view is expressed in *Shoemaker v. Lacy*, 45 Iowa, 422.

This case is distinguishable from *Bowman v. Eckstien*, 46 Iowa, 583. In that case the prior taxes were not included in the sale through mistake, of which the purchaser and his

assignee, who was plaintiff, were informed. The county tendered to the purchaser the amount of the bid at the tax sale for the purpose of subjecting the land to the second sale. The plaintiff, who owned the land, acquired the tax sale certificates in bad faith for the purpose of defeating the subsequent taxes, and, after the second sale, brought the action to compel the treasurer to execute to him a tax deed under the first sale. We correctly held, under all the facts, that the assignment to him of the tax sale certificate, with knowledge of the facts, operated as a redemption from the tax sale which would not defeat the right of the county to enforce subsequent taxes by sale of the land., Our conclusions and the principles upon which they are based are not in conflict with our decision in this case.

It follows from the considerations we have presented that the taxes paid by plaintiff were discharged, and were not a lien upon the land. He could not, therefore, by their payment, charge defendant upon the covenants of warranty in the deed.

Other questions raised and discussed in the case by the respective counsel need not be considered, as the judgment, for the reasons above given, must be

AFFIRMED.