SHEPPARD ET AL. V. CLARK ET AL.

1. **Tax Sale:** REDEMPTION: TAX FOR PREVIOUS YEARS. To entitle the owner of real property sold for taxes to redeem, he will not be required to pay the amount of the tax paid by the purchaser, with penalties, interest and costs, for any year or years previous to that for which the sale was made.

*Appeal from Marion Circuit Court.*

MONDAY, APRIL 24.

ACTION of *mandamus* to compel the county auditor to issue to the plaintiffs a certificate of redemption for certain real estate sold for taxes. Trial to the court upon the pleadings and agreed statement of facts, judgment for the plaintiffs, and defendants appeal.

*Anderson & Kinkead*, for appellants.

*G. W. Crozier*, for appellees.

SEEVERS, CH. J.—The pleadings, including the exhibits, are lengthy, and so is the agreed statement of facts. It is not deemed essential to set them out, but to state only the facts bearing on the single question determined. In 1870 a tax was voted in the township in which the real estate is situated, in aid of a railroad, under the provisions of chapter 102 of the acts of 1870. The "tax became due in the year 1871," and was placed on the tax books for that year. In 1878 the real estate was sold for the delinquent State and county taxes of 1877, to the defendant French, who afterward paid the State and county taxes for the years 1878 and 1879. The plaintiffs having the right to redeem, tendered to the county auditor on September 2d, 1880, fifty-five dollars and forty-three cents, the same being the amount due said French for the matters aforesaid, including interest, penalty and costs, and demanded of said auditor that he issue the usual certificate of redemption, which the auditor refused to do on the sole ground that French had in October, 1879, paid the treasurer the said railroad tax, and had placed in the auditor's hands a duplicate receipt so showing. The question to be determined is whether the auditor was justified in such refusal.

*1. TAX-SALE: redemption: tax for previous years.*

The statute provides the treasurer shall make out and deliver to the purchaser at a tax sale "duplicate receipts for any taxes, interest and costs paid by said purchaser, after the date of said purchase, for any subsequent year or years, one of which receipts said purchaser shall present to the county auditor to be by him filed in his office." Code, § 889.

"Real property * * * sold" for taxes may be redeemed by the payment to the county auditor the amount for which it was sold, with interest and penalties, "and also the amount of all taxes, interest and costs paid for any subsequent year or years." Code, § 890.

The statute plainly provides that when real property has been sold for taxes, the purchaser may pay the taxes of subsequent years, and before the owner is entitled to redeem he must pay the auditor the amounts so paid with the prescribed

interest, penalty and costs. More than this the owner cannot be compelled to do. "Neither the purchaser nor officer can add conditions to the right to redeem. A direct attempt to do this would so manifestly be an attempt to legislate to the prejudice of the owner, that nothing could be said in justification of it." Cooley on Taxation, 369. But for the statute, the purchaser could not pay the taxes for a subsequent year and tack the same to the amount paid at the sale. It is equally clear he cannot do so as to taxes for years previous to the sale, unless he can produce statutory authority therefor. It is not claimed there is such a statute. If the railroad tax was collectible it could only be done in the manner provided by law. It is insisted by the defendants that the collection of the railroad tax was delayed by the county officers refusing to enforce the law in respect thereto until they were compelled to do so by *mandamus*. Conceding this to be so this did not authorize French to pay such tax, nor could such fact cast upon the party entitled to redeem, an additional burthen to that prescribed by statute.

AFFIRMED.