### CROWELL v. MERRILL ET AL.

1. **Tax Sale:** STATE AND COUNTY TAXES AND RAILROAD TAX: SEPARATE SALES FOR. Plaintiff's land was sold for delinquent State and county taxes, at a time when certain taxes voted in aid of a railroad were also delinquent and a lien upon the land. Afterwards the land was again sold for the railroad tax, and after this plaintiff redeemed from the first sale, and brought this action to set aside the second sale as void on account of the first sale, relying upon section 871 of the Code, which provides that a sale for delinquent taxes "shall be made for, and in payment of, the *total* amount of taxes, interest and costs due and unpaid on such property." But the court *held* that the word "taxes" in said section must be construed to mean State and county taxes only, and not railroad taxes, and that the second sale for the railroad taxes must be sustained.

*Appeal from Marion Circuit Court.*

WEDNESDAY, DECEMBER 6.

ACTION to set aside and declare void the sale of certain real estate for delinquent taxes voted in aid of the construction of a railroad. Judgment for the plaintiff and the defendant appeals.

*Barcroft, Gatch & McCaughn,* for appellants.

*Hart & Jolliffe,* for appellee.

SEEVERS, CH. J.—In 1870 taxes were voted and levied in aid of the Albia, Knoxville & Des Moines Railroad. In June, 1876, the board of supervisors passed the following:

"Resolved * * * that the treasurer of Marion county is hereby ordered not to receive or collect by distress and sale any part or parts of the delinquent railroad levies made in the year 1870 * * * and that said railroad tax * * * is hereby set aside as unavailing." It is conceded that said resolution was passed without authority and is illegal and void. But there is nothing tending to show that it was passed at the instance of the plaintiff, or that he had knowledge thereof. In 1877 certain real estate belonging to the plaintiff was sold for the delinquent State and county taxes of 1876. When such sale took place the railroad tax was due and delinquent. In 1879 the real estate was again sold for, and because of, the non-payment of the railroad tax. In 1880 the plaintiff redeemed from the sale made in 1877, and the object of this action is to set aside and have declared void the sale made in 1879 for the railroad tax, because of the previous sale made in 1877 for the State and county taxes. Section 871 of the Code provides that a sale for delinquent taxes "shall be made for and in payment of the total amount of taxes, interest and costs due and unpaid on such real property." In *Preston v. Van Gorder,* 31 Iowa, 250, it was held that a sale for delinquent taxes had the effect to discharge all prior liens on the property in the hands of the purchaser. This case was followed by *Bowman v. Thompson,* 36 Iowa, 505. See also *Shoemaker v. Lacy,* 38 Id., 277; and s. c., 45 Id., 422. In *Bowman v. Eckstien,* 46 Id., 583, it was held under the peculiar circumstances of that case, and mainly for the reason that the property was not sold for all prior taxes because of the mistake of the treasurer, that the property was not discharged by the sale from such prior taxes in the hands of

the owner of the patent title. In *Hough v. Easley*, 47 Iowa, 330, it was held that, when property has been sold for taxes, such sale had the effect as against the owner to discharge all prior taxes. The only substantial difference between the two cases just cited is that in the last it does not appear that the property was not sold at one time for all the taxes unpaid, because of mistake. Whether this distinction is well founded we shall not stop to inquire. In all the foregoing cases the taxes held invalid were State and county taxes. We have now to inquire whether taxes voted in aid of a railroad stand upon the same footing, or whether the logical result of the cases cited applies to such taxes. The section of the Code above quoted makes no exception, and it is said applies to all taxes, and would seem, therefore, to embrace taxes voted in aid of railroads. But this is not conclusive, because all provisions of the statute bearing upon the same subject-matter must be consulted in order to determine the proper construction of the term "taxes" in section 871 of the Code. Section 897 provides that the deed of the treasurer made in pursuance of the sale "vests in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all the right, title, interest and claim of the State and county thereto." Such being the effect of the deed, the sale can have no other or greater effect.

The sale, therefore, cuts off and vests in the purchaser the title and interest of the owner and also of the State and county. Upon this ground it was held in *Dennison v. The City of Keokuk*, 45 Iowa, 266, that city taxes were not discharged by a sale for State and county taxes. That taxes voted in aid of a railroad do not belong to the State or county must be true. See, however, *The D. M. & M. R. R. Co. v. Lowry*, 51 Iowa, 486, and *Barnes et al. v. Marshall County*, 56 Id., 20. In *Sheppard et al. v. Clark*, 58 Iowa, 371, in which the controversy was in relation to this same railroad tax, it was held that the purchaser at a sale for State and county taxes could not pay this tax, which had accrued prior to the sale and

Crowell v. Merrill.

tack the same to the amount of his bid, and compel the owner to pay the same before he could redeem. This ruling was placed on the ground that the statute provided that the purchaser can pay, and thus tack, only such taxes as accrued for a year subsequent to the sale. In that case the question whether the tax was collectible was left open. If collectible, of course, it must or may be collected by a sale of real estate. But the owner has three years from such suit to redeem, instead of three years from some prior sale. If a person pays his State and county taxes, but fails to pay a railroad tax, the payment of the latter could without doubt be enforced by the sale of his property. But if the rule adopted by the court below is the true one, then such person, or his neighbor, may avoid paying his railroad tax by suffering his property to be sold for State and county taxes, and redeeming from such sale. The only obstacle in the way of their avoiding the collection of all railroad taxes would be the unwillingness of the treasurer to sell for the State and county taxes alone. It may be said that the presumption should be indulged that the treasurer will do his duty in this respect. Possibly this is so, but it sufficiently appears in this case that the treasurer did not sell for the railroad taxes because of the illegal and void action of the board of supervisors. We then have a case where the county officers absolutely refused to collect this tax by a sale of property, for a time at least, and when the sale should have been made. It seems to us that, under such circumstances, and the undisputed fact that tax had been earned, the illegal and unwarranted action of the county officers should not have the effect to render the tax uncollectible by distress and sale, unless there is a statute which in terms so provides. There is no such statute, and we think the word "taxes" in Code, section 871, must be construed to mean all State and county taxes only. It seems to us the statute cannot reasonably be construed otherwise.

REVERSED.