## KESSEY v. CONNELL.

1. **Tax Sale and Deed:** SALE FOR LESS THAN ALL TAXES DUE: DEED NOT INVALID: CODE, § 871. Notwithstanding the provision of § 871 of the Code, that a tax sale " shall be made for and in payment of the *total amount* of taxes, interest and costs unpaid on such real property," yet, where the taxes are due and delinquent for successive years, and the sale is made for a part only of such years, and a deed is made pursuant to such sale, such deed will not be set aside at the instance of the owner of the patent title;—following the principle of cases cited in opinion.

2. ———: NOTICE TO REDEEM: INSUFFICIENT PROOF OF SERVICE. Where the notice to redeem from a tax sale was given by publication to the person to whom the land was taxed, but the affidavit of proof of service did

not state where the newspaper in which the publication was made was published, nor the dates of the publication of the notice, *held* that it was not sufficient to authorize the treasurer to issue a tax deed, nor to cut off the right of redemption.

3. ——: ——: NECESSITY OF IN PARTICULAR CASE. Where J. T. had been the owner of the land, but, though he had been dead many years, the land was taxed to J. T. at the time when notice of the expiration of the time of redemption from the tax sale should have been given, *held* that the case was not equivalent to one where the land is taxed to an unknown owner, (*Fuller v. Armstrong*, 53 Iowa, 633,) because the law will not presume—not at least in the absence of a showing—that there was not another person of the name of J. T. to whom the land was taxed; and in such case a tax deed issued without proper proof of service of notice on J. T. was invalid, and did not cut off the right of redemption.

4. **Tax Sale**: FOR PART OF DELINQUENT TAXES: REDEMPTION FROM: TERMS OF. Where the taxes on the land were delinquent for the years 1871 to 1876, inclusive, but the land was sold for the taxes of 1871 and 1872 only, and the tax purchaser then paid the delinquent taxes for the years 1873 to 1876, inclusive, *held* that the holder of the patent title was properly required, in order to redeem from the sale, to reimburse the holder of the certificate for the taxes so paid, with six per cent interest.

*Appeal from Sioux District Court.*

SATURDAY, MARCH 20.

THIS case involves the title to 160 acres of land. The plaintiff claims title by virtue of a tax sale and deed made to one Easton, and a conveyance from Easton to the plaintiff. The defendant claims an undivided eleven-twelfths of the land by a conveyance from the owner of the patent title, and disputes the validity of the tax title. The court held that the tax deed was void for want of notice of the expiration of the time of redemption, and made an order fixing the amount necessary to be paid in redemption. The plaintiff appeals from the decree so far as it permitted redemption, and the defendant appeals as to the amount required to redeem.

*Pitts & Kessey* and *Finley Burke*, for plaintiff.

*G. R. Struble*, for defendant.

ROTHROCK, J.—I. The land in controversy was sold by the county treasurer on the second day of September, 1878, for the delinquent taxes for the years 1871 and 1872. At that time the tax on said land was unpaid and delinquent for all the years from 1871 to 1876, inclusive. On the thirtieth day of September, 1878, Easton paid all the delinquent taxes for the years 1873, 1874, 1875 and 1876, and paid the taxes for the subsequent years as they became due. The land was assessed and taxed for all the years up to the time of the sale to "Owners Unknown." For the years 1879 and 1880 it was assessed and taxed to Easton. For the year 1881 it was listed, assessed and taxed to John Trousdale. A person named John Trousdale entered the land, and he died in January, 1864. The defendant claims title to eleven-twelfths of the land by a conveyance from his heirs.

*1. TAX sale and deed: sale for less than all taxes due: deed not invalid: Code, § 871.*

The defendant insists that the tax sale was void because the land was not sold for all the taxes which were delinquent. He refers us to section 871 of the Code, which is as follows: " On the first Monday in October, in each year, the county treasurer is required to offer at public sale at his office all lands, town lots, or other real property on which taxes of any description for the preceding year or years shall remain due and unpaid, and such sale shall be made for and in payment of the total amount of taxes, interests and costs due and unpaid on such real property." Counsel insists that the treasurer has no power to sell real estate for any part of the delinquent taxes. But this court in the numerous cases in which it has had occasion to construe section 897 of the Code, which makes a deed conclusive evidence of certain facts therein recited, has, we think, impliedly, at least, settled this question against the position urged by defendant. See *McCready v. Sexton*, 29 Iowa, 356, and many other cases cited in Miller's Code, 227. In *Preston v. Van Gorder*, 31 Iowa, 250, it was held that a sale of land for taxes frees it, in the hands of the purchaser, from any and all liens thereon for delinquent

taxes for prior years. In that case it was held that the tax-sale purchaser who purchased the land for part of the delinquent taxes might restrain the treasurer from making a sale for the remaining delinquencies. The question as to the validity of the sale was directly involved in that case. And in *Bowman v. Thompson*, 36 Iowa, 505, *Preston's Case* was followed and approved. It is true that in *Bowman's Case* the controversy was between conflicting tax titles, and it was held that where lands sold for the taxes of 1861, 1862 and 1863, and afterwards again sold for taxes of years prior to those named, the title obtained at the first sale was paramount. In that case the validity of the first sale was recognized and upheld. In view of these cases, and many others which might be cited bearing upon other provisions of the revenue law, we think that the fact that the land was not sold for all the delinquent taxes was an irregularity merely, which cannot defeat the sale after the execution and recording of the tax deed made in pursuance thereof. It is true that the sale divests the county of all lien for taxes due at the time of the sale, but of this the land-owner ought not to be allowed to complain, for it is rather to his advantage than to his prejudice.

Counsel further claim that the only power authorizing a sale for less than the full amount of delinquent taxes is found in chapter 79 of the Acts of the Sixteenth General Assembly, (McClain's Code, 216.) That is an enactment providing that when land has been advertised and offered for sale for two years, and not sold for want of bidders, it may then be advertised and sold to the highest bidder. We do not think this statute affects the question now under consideration. This sale was not made under that act, and it adds nothing to the force of section 871 of the Code, which requires that the sale shall be made for and in payment of the total amount of tax.

II. Easton, the purchaser at the tax sale, attempted to give the notice of expiration of redemption required by sec-

Kessey v. Connell.

**2. ——: no-tice to re-deem: insuffi-cient proof of service.** tion 894 of the Code, upon which to obtain a tax deed. This notice was addressed to John Trousdale, and purports to have been published three times in a newspaper called the *Sioux County Herald*. The affidavit of service of the notice does not state, however, where the newspaper was published, nor the dates of the publication of the notice. It is wholly insufficient to authorize the treasurer to issue the deed. The service is not deemed completed until the affidavit of the service thereof shall have been filed with the treasurer, and the right of redemption does not expire until ninety days after the service of the notice. The treasurer executed and delivered the deed upon the filing of this notice and affidavit. We think the treasurer was not authorized to make the deed upon this showing, and that the right of redemption still exists.

It is true that the John Trousdale, who entered the land, was dead, and no notice could in fact be served upon him. **3. ——: ——: necessity of in particular case.** One of his heirs, however, was named John C. Trousdale, and he was a part owner of the land, and the object of the statute is to apprise the owner of the fact that his land has been sold for taxes. It was the duty of the tax-sale purchaser to make some showing which would authorize the treasurer to make the deed. He should have made such a record as, upon its face, would show authority for the treasurer to act. He doubtless supposed that John Trousdale, the owner of the land, was living. If he had known he was dead, he should have made a showing of that fact, and thereby given the treasurer at least some reason for conveying the land. In *Fuller v. Armstrong*, 53 Iowa, 683, it was held that when land was taxed to an "unknown owner," and no one was in possession, a treasurer's deed was valid without any notice of the expiration of the time for redemption. A majority of the court adhered to the rule in that case in *Tuttle v. Griffin*, 64 Iowa, 455, and in *Chambers v. Haddock*, Id., 556, and in *Parker v. Cochran*, Id., 757. In all these cases the tax-books either showed that

the land was taxed to an unknown owner, or that fact was presumed from the fact that the treasurer executed the deed. In the case at bar, the land was not taxed to an "unknown owner." It affirmatively appears that it was taxed in the name of a person. The statute does not require that the person named shall be the owner of the land. The requirement is that notice shall be given to the person in whose name the land is taxed. There is no warrant for an assumption that because one John Trousdale died in 1864 there is not another person of that name. It is true that the deed is presumptive evidence that it was properly issued, but this is rebutted by showing that the land was taxed to John Trousdale, and no service of notice was had. The face of the record impeaches the deed. In our opinion, the period of redemption had not expired. See *White v. Smith, ante,* p. 313.

III. The court below held that the period for redemption had not expired, and that defendant was entitled to redeem eleven-twelfths of the land, and required him to pay the penalties and interest thereon provided by law, with eleven-twelfths of the amount paid on taxes levied after the sale, and paid by defendant, with interest and penalties, and the same part of the taxes paid by defendant for the years 1873 to 1876, inclusive, with six per cent interest. The defendant claims that plaintiff is not entitled to recover for taxes paid for the years 1873 to 1876. It is true that we have held that a sale of land for taxes extinguishes all prior taxes thereon. *Hough v. Easley,* 47 Iowa, 330. But these taxes were not prior taxes. They were taxes which were levied after the tax for which the land was sold, and they were paid by the tax-sale purchasers in a few days after the sale. Why they were not included in the sale does not appear. The defendant, standing in the shoes of the owner of the land, seeks to redeem and quiet his title thereto. He should be required to do equity, and reimburse the holder of the tax certificate for all taxes paid, and the order that he pay the same and six per

*4. TAX sale: for part of delinquent taxes: redemption from: terms of.*

cent interest is, we think, correct. Complaint is made by plaintiff that he was required to pay the costs of the suit. We think that the tender made by the defendant was sufficient to authorize this part of the decree.

The decree is affirmed on both appeals, and each party will pay his own costs in this court.

AFFIRMED.