WILLIAM PHILLIPS, *et al.*, v. MARY E. WILMARTH, *et al.*, Appellants.

**Co-tenancy: TAX TITLE.** A tenant in common cannot extinguish the title of his co-tenant by acquiring a tax title to the common property, unless it is shown that the co-tenant has refused to contribute to the necessary expense; and, until such refusal, limitations will not run in his favor against his co-tenant.

**STATUTE OF LIMITATIONS.** Code, 902, barring recovery of land sold for taxes, after five years have elapsed since execution and recording of tax deed, has no application to such a case.

**FAILURE TO PAY TAXES.** Where an interest in land was inherited by residents of another state, who are not shown to have known of the land or of its location, and no demand for taxes appears to have been made on them by their co-tenants, they will not be barred of the right of recovery, against their co-tenants, by the fact that they paid no taxes thereon for eighteen years.

**Tax Sale.** A sale of land for taxes relieves the owner from liability for all prior taxes then due, and not included therein.

**Statute of Limitations.** An action to recover an undivided interest in wild land, and unused prairie land, is not within the ten years' limitation of Iowa Code, section 2529, upon actions for recovery of real property.

*Appeal from Wright District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, APRIL 13, 1896.

ACTION in equity, to quiet, in the plaintiffs' title to an undivided half of certain real estate, for a partition thereof, and for general equitable relief. There was a hearing on the merits, and a decree for the plaintiffs. The defendants appeal.—*Modified.*

*Nagle & Nagle* for appellants.

*William Millchrist* and *Frank Farrell* for appellees.

ROBINSON, J.—The land in controversy comprises one hundred and twenty acres, which were purchased from the general government in July, 1856, by William Phillips and Hopewell Hepburn, as tenants in common.   They resided in Pittsburg, in the state of Pennsylvania, where Phillips died intestate in April, 1874. He was never married, and survived his parents; and his only heirs were his brother, Robert B., and his sister, Eliza B.   The sister died testate in March, 1877, and her will was admitted to probate in Pennsylvania and in Wright county, in this state.   By a residuary provision, it devised to each of the six children of her brother Robert, an undivided one-eighth of her interest in the land in question, and equal shares of it to Sarah M. Jarvis and Matilda Dallas Lee, each of whom was to hold the share devised to her during her natural life, and in case she died leaving issue, the share was to vest in such issue, but in case of her death without issue it was to be vested in the children of her brother.   The brother died testate in April, 1889, and his will was duly probated in Pennsylvania and in this state.   It gave to his wife a life estate in all his property, and to his children, all of the remainder.   One child died in the year 1891, unmarried, and intestate, and the widow is dead. The five surviving children, are the plaintiffs in this action.   Hepburn is dead, and the defendants are his heirs.   The plaintiffs ask, that the respective shares of the parties to the action be established, that the title of the plaintiffs to an undivided half thereof, be confirmed, and that partition of the land be made. The answer denies the allegations of the petition, and avers that the land was sold in the year 1876, for delinquent taxes, and that a tax deed therefor was issued to Julia A. Churchman, in November, 1879, and duly recorded, and that she conveyed the land to

the defendant, Sarah C. Hepburn, in May, 1880. The land was sold for delinquent taxes, and conveyed, as stated; and the principal question to be determined is, whether the tax sale and the tax deed, and the subsequent conveyance to Sarah C. Hepburn, were effective to defeat the plaintiffs' title. The district court found that they were not, and decreed that the plaintiffs were the owners of an undivided one-half of the land, and that they were entitled to redeem from the tax sale, by paying into the court one-half of the taxes paid and disbursements made by the defendants, on account of the land, which amounted, in the aggregate, to six hundred and seventy-six dollars and sixty-four cents. The cause was then continued for further action upon the prayer for partition.

I. The petition alleges that no taxes upon the land are due to the county or state. A stipulation shows that the taxes for the years 1873 and 1874 have not been paid, and it is urged that the plaintiffs are not entitled to maintain this action, by reason of the provision of section 897, of the Code, which reads as follows: "No person shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, * * * and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid." The fact that the taxes for the years named were not paid, will not defeat this action. It was the duty of the treasurer, when selling the land in the year 1876, to sell it for all the taxes of the years preceding which were then due, and the sale made, operated to relieve the owners of the land from liability for the taxes due which were not included in the sale. *Hough v. Easley*, 47 Iowa, 330.

II.   One of the defenses upon which the defendants rely, is the fact that this action was brought more than five years after the tax deed was executed and recorded.   Section 902 of the Code provides that "no action for the recovery of real property sold for the non-payment of taxes, shall lie unless the same shall be brought within five years after the treasurer's deed is executed and recorded, as above provided." But that statute does not apply to a case of this kind.   It is well settled that a tenant in common cannot acquire title to the subject of the tenancy, adverse to his co-tenant, by means of a tax title, and this is true whether the tax deed is executed to his tenant, or his grantor.   He will be presumed to hold the title thus acquired in trust for his co-tenants, until the presumption is shown not to be well founded, by the refusal of the co-tenants to contribute to the payment of the necessary expenses incurred to obtain the tax title.   *Sorenson v. Davis,* 83 Iowa, 406 (49 N. W. Rep. 1004); *Fallon v. Chidester,* 46 Iowa, 593; *Austin v. Barrett,* 44 Iowa, 488; *Weare v. Van Meter,* 42 Iowa, 128.   In this case it does not appear that the plaintiffs, or any one through whom they claim title, refused to contribute toward the expenses incident to the acquiring the tax title; and it is shown affirmatively that the land was permitted to go to tax sale by the owners of Hopewell Hepburn's estate, for the purpose of extinguishing the title of his co-tenants, and that the tax sale and subsequent conveyances were for the benefit of the Hepburn heirs, who are the defendants in this case.

III.   It is claimed that this action is barred by section 2529 of the Code, which provides that actions for the recovery of real property shall not be brought after the expiration of ten years from the time the cause of action accrues.   The land has at all times been unimproved and uninclosed prairie

land, and a part of a range occupied by cattle. It has been pastured, and, for a number of years, grass has been cut and hay made upon it, but it is not shown that such use of it was made for ten years before this action was commenced. The evidence fails to show that this action is barred by lapse of time.

IV. The plaintiffs, and, the persons through whom they claim, had not, for eighteen years before this action was brought, paid taxes upon the land in question, and that fact is urged as an objection to their recovery. During the lifetime of Hopewell Hepburn, he attended to the business of paying the taxes. In June, 1873, demand was made upon William Phillips, in behalf of the Hepburn heirs, for one-half of the amount required to redeem from tax sale several tracts of Iowa land, which included about five hundred and twenty acres, and he was furnished the amount asked (one hundred and seventy-eight dollars and forty-eight cents), for that purpose. It does not appear that any subsequent demand was made upon him, nor upon any others who acquired his title, for tax money, nor that his brother or sister, or the plaintiffs, knew of the land, or were informed in regard to their duty with respect to paying the taxes. Under all these circumstances, we think that negligence sufficient to defeat the right of action of the plaintiffs is not shown.

V. The district court decreed that the plaintiffs were the owners, and entitled to an undivided one-half of the land in question. That was erroneous. It is not shown that Sarah M. Jarvis and Matilda Dallas Lee, two of the devisees named in the will of Eliza B. Phillips, are dead. There is no evidence in regard to them. So far as is shown, they are alive, or, if dead, may have left issue, and in either case the plaintiffs have no claim upon their share. There is no presumption that they are dead, and that they died

without issue. Therefore, with respect to their shares, the plaintiffs must fail. Those shares were, in the aggregate, one-fourth of the share of the testatrix, or an undivided one-sixteenth of the one hundred and twenty acres of land in question. Hence, the plaintiffs have shown themselves entitled to but an undivided seven-sixteenths of it, and the decree of the district court will be modified to grant that portion. In other respects it will be affirmed.—MODIFIED AND AFFIRMED.