## FAXTON v. McCOSH.

1. REVENUE: PROPERTY OF RAILROAD COMPANIES. The interest represented by the shares of stock in a railroad company organized under the laws of this State, are within the jurisdiction of the State, even when the owners thereof are non-residents; and the provisions in § 462, Code of 1851, and § 7, chap. 152, Laws of 1858, for taxing the shares of non-resident stock-holders in railroad companies in this State, are valid as within the scope of legislative power.

*Appeal from Scott District Court.*

TUESDAY, DECEMBER 31.

THE facts are stated in the opinion of the court.

*Cook & Drury* for the appellants.

The power does not exist in the legislature to levy or cause to be levied a tax on persons and property, when both are out of the jurisdiction of the State, and beyond its territorial limits.

1. The stock in a railroad corporation is personal property, and attaches to the person of the owner. Rev. Stat. of New York, (where plaintiff resides); Tit. 1, § 3 (4th ed.) Angell & A. Corp. 4th ed., § 458; *Union Bank of Tennessee* v. *The State*, 9 Yerger, 490; Redfield on Railways, 38; *Howe* v. *Starkweather*, 17 Mass., 243; 1 Greenl. Cr., 39, 40; *Bank of Waltham* v. *Waltham*, 10 Met., 334; *Hutchin's Administrator* v. *The State Bank*, 12 Ib., 421; *Denton* v. *Livingston*, 9 John. 100; *Planters Bank* v. *Merchants Bank*, 4 Ala., 753; *State* v. *Franklin Bank*, 1 Ohio, 91; *The State* v. *Ross*, 3 Zabriskie, 517; *The Sangamon & Morgan Railroad Company* v. *The County of Morgan, and the Town of Jacksonville*, 14 Ill., 163.

2. The legislative power of the State does not extend over persons and property out of the jurisdiction of the State and beyond its territorial limits. Ang. & Ames Corp.,

§ 437; *The People* v. *The Mayor, etc. of Brooklyn,* 6 Barb., S. C. R., 209; *Gossbunk* v. *Campbell,* 4 Iowa, 296; Blackwell on Tax Titles, 8; *Providence Bank* v. *Billings,* 4 Pet., 514; *McCollough* v. *The State of Maryland,* 4 Wheat. 310; Story Confi. L. 30, § 20; The Revenue Act of 1858, § 7.

*Grant & Smith* for the appellee, relied upon the authorities cited in the argument of *Grant* and *Lane* in the case of *The City of Davenport and County of Scott* v. *The Mississippi and Missouri Railroad Company, infra,* with *The Commissioners* v. *The Trenton Bridge Company,* No. 5, "Law Reporter," (March, 1861,)

BALDWIN, J.—Faxton, the complainant, being a non-resident of the State, is the owner of certain shares of stock in the M. & M. R. R. Co., a corporation created by the Legislature of this State, its Eastern terminus being within the city of Davenport, in Scott County, its property within the jurisdiction of the State. The said shares of the complainant were listed, assessed and taxed by the proper authorities of said county, and defendant as treasurer and collector authorized to collect the same. The complainant by his bill in chancery, seeks to enjoin the defendant from the collection of said taxes. The bill was dismissed by the District Court, and from this order complainant appeals.

Two positions are assumed by the counsel for appellant in this argument:

1. That stock in a railroad corporation is personal property and attaches to the person of the owner.

2. That the legislative power of a State does not extend over, and can not operate on persons and property out of the jurisdiction of a State or beyond its territorial limits.

Section 462 of the Code, the revenue law in force when the Mississippi and Missouri Railroad Company was incorporated; and § 7, chapt. 152 of the acts of 1858, in force when

this levy was made, each provide that the property of such corporations shall be taxed through the shares of the stock-holders, and when such stock-holders are non-residents, their interests shall be taxed in the county in which is situated their principal business office, within the State; and to that end the assessor shall require the secretary or clerk (of such corporation) to render under oath a list of the names of such non-resident stock-holders, with the number of shares each; but if such secretary or officer do not reside in the State, the assessor may require the same of any officer residing in the State. If such officer refuse, the share of non-residents shall be assessed to the company," &c.

There is a marked distinction between the question presented in this case and in that of *The City of Davenport and The County of Scott* v. *The Mississippi & Missouri Rail Road Company, infra.* It is true that it was held in that case, that a mortgage held by a non-resident mortgagee, was not such property as would be subject to taxation, within the limits of the State; that the *situs* of the mortgage security was with the domicil of the owner.

Whether the interest of a non-resident stock-holder, in a railroad company having all its property within the limits of this State, when there is an express provision made statute in reference to the taxation of the stock of such non-resident, is property within the reach of the taxing power of the State, presents to our mind a different question. The property of a railroad company, under the ruling of this court, in the case of *Tallman* v. *Butler County, infra,* can not be taxed in any other way than through the shares of the stock-holders. It is the policy of the law to tax all property owned or used within the State, and none is exempt unless by a special provision of the Legislature.

Suppose that the position of the appellant is correct and

that the stock of all the railroad companies in the State was owned by non-residents, the property of such companies would be entirely exempt from taxation. Such is not the design or spirit of the law. The corporation of which complainant is a member, and in which he has shares of the assessment of which he complains is a body corporate created by the same power that imposes the taxes which he now seeks to avoid. The property of the company, it is conceded, is liable to taxation in some way. This property is represented by shares, and the amount of shares owned by each stock-holder, denotes his interest in the property of the company. The interest each share represents is properly within the jurisdiction of the State. The certificate of shares may be with the person of the non-resident owner. But it is only the paper evidence of such interest, the property it represents being within the reach of the taxing power.

The provision of the law is, that the property of corporations shall be taxed through the shares of the stock-holders, and when they are non-residents *their interests shall be taxed* in the county, &c. The legislature has thought this the most equitable and convenient mode of assessing and taxing this character of property. It has thought proper to provide that the property of this company which has its existence by virtue of its enactments, shall pay its proportion of the burden of taxation in this way. It has declared to all who may seek to enjoy the benefits of this corporation, whether residents or non-residents, that if you become members thereof, you do so with the understanding that the property of such company is to share in paying the expenses of the government from which it derives its existence, and receives protection.

All property, says MARSHALL, C. J., over which the sovereign power of the State extends is the object of taxation. The sovereignty of a State extends to everything which

exists by its authority, or is introduced by its permission. *McCollough* v. *The State of Maryland*, 4 Wheat. 429, 430. Under the revenue law as embodied in the Revision, the questions presented in this case become of little practical importance, and without a further elaboration of the views we entertain upon this subject, we conclude that the judgment should be

Affirmed.