McGREGOR'S EXECUTORS v. VANPEL.

1. **Taxes:** EXECUTOR. The personal property left by a decedent is, as a general rule, to be assessed in the county of which he died a resident, and in which administration is granted, rather than in the county where his executor resides, if different from that. Sections 714 and 716 of the Revision do not change this rule.

2. —— PURCHASE-MONEY MORTGAGE. A mortgage given to secure the payment of the purchase-money of the premises mortgaged, is not exempt from taxation.

*Appeal from Clayton District Court.*

MONDAY, MAY 11.

TAXATION OF MORTGAGES: STATUTE CONSTRUED, ETC. —— The petition seeks an injunction against the defendant,

as treasurer of Clayton county, to restrain the collection of certain taxes alleged to be illegal.

A general demurrer to the petition was sustained by the District Court, to which ruling the plaintiffs excepted and appeal.

The facts stated in the petition are, in substance, the following:

James McGregor, Jr., died testate on the 24th of March, 1867; on the 2d of April, the plaintiff McKinlay was appointed special executor of the estate; and on the 5th of August, he and Buell, the other plaintiff, were commissioned executors of the will, superceding the special appointment. The plaintiffs and all the legatees and devisees of the will, except Mrs. Leffingwell, who is a legatee to the extent of $2,000, are non-residents of Clayton county, and have been so since long prior to the decease of said McGregor. His estate consisted only of land situate in Clayton county, and mortgages given for purchase-money of lands in that county previously sold by him, and of some real estate in the State of New York; also of wearing apparel, a private library of less than $100 value, and a few family pictures. All of the mortgages contain a clause that the mortgagor shall pay the taxes on the land, and it has been and is the universal practice to assess and tax the land to the purchasers and persons holding under them. And it is alleged, that the property left by the said McGregor is now owned chiefly by non-residents of Iowa.

On or about the 24th of April, which was subsequent to the appointment of the special executor, the assessor listed for taxation the estate left by said deceased, as follows:

Estate of James McGregór, Jr.—Real estate (giving the items), $28,996; and personal property (giving no items), $39,600; intending by the latter to assess the value of the mortgages taken for purchase-money.

Plaintiffs having learned that the mortgages were assessed for taxation, applied to the board of supervisors to correct the assessment, and they refused; and the board have caused the tax list, including the illegal assessment and levy thereon, to be placed in the county treasurer's hands for collection, who will proceed to enforce collection unless restrained by injunction.

*Jas. M. McKinlay* for the plaintiffs.

*Reuben Noble* for the defendant.

DILLON, Ch. J.— The demurrer was, of course, properly sustained, unless the facts alleged entitle the plaintiffs, who are the executors of James McGregor, deceased, to the relief sought. The petition, inadvertently or designedly, omits to state certain facts. Thus, it is not distinctly alleged *where* the testator died. It inferentially appears, and will be taken to be true, that he died in Clayton county, in which the assessment and levy in question were made.

It is stated, that the executors are non-residents of Clayton county, but it is not stated in what county they do reside. It is not stated by what County Court administration was granted, but it is presumed that it was by the County Court of Clayton county. A copy of the will is not annexed to the petition. Whether the bequests are specific or general, does not appear. The estate is not alleged to have been settled, and it is to be presumed that the mortgages are in the possession of the executors. To what extent the legatees are non-residents of the State is not averred.

With this allusion to the petition, we proceed to notice the two grounds on which the executors base their application for an injunction.

I. The assessment was made after the appointment of one of the plaintiffs as special executor, at which time it is claimed "the personal property (to wit, the mortgages in question) was not in the county, and consequently had passed beyond the reach of the assessors of that county."

**1. Taxes: executor.**

Sections 714 and 716 of the Revision are referred to as sustaining the point here made, which is, that the personal property of a decedent is to be listed and assessed in the county in which the executor resides, if he resides in a county different from that in which the decedent died and administration was granted. Applied to this case, the result would be, that if Mr. McKinlay, the executor, resided in Dubuque county, the personal property of the testator would be taxable in that county, and not in the county in which he died. Such a result cannot be justly inferred from the provisions of the statute above referred to respecting the listing of the property.

Co-executors may live in different counties, and, in that case, it could not be claimed that each should list this property in his own county. The true view is, that the executors represent the decedent; and the personal property he leaves is, as a rule, to be assessed in the county of which he died a resident. It is admitted by the appellant, that this point is technical. In view of the fact, that it is not averred by the executor that he listed the property for taxation in the county of his residence, or that it has been listed by him anywhere, this objection has nothing in it which commends it to the favorable regard of a court of equity.

Until the estate is settled, it cannot be known that the legatees will obtain any thing from the estate.

If the estate had been settled, and specific mortgages delivered over to legatees, non-residents of the State, the

question presented would be different from that arising on the present record. See, generally, *Faxton* v. *McCosh*, 12 Iowa, 527; *City of Davenport* v. *Railroad Co.*, id. 539; *Stephens* v. *Booneville*, 34 Miss. 323; *Wilson* v. *Mayor*, etc., *of New York*, 4 E. D. Smith, 675; *Hardy* v. *Yarmouth*, 6 Allen, 277.

II. The next ground for the injunction is, that taxation of a *purchase-money* mortgage is *double taxation*, 2. —— purchase-money mortgage. and unwarranted by a fair construction of the revenue law. Section 712 of the Revision expressly declares, that "mortgages and other like securities" are "subject to taxation." "All money secured by mortgage" is embraced in the term "credit," as used in the revenue statute.

Such mortgages are not exempted from taxation (§ 711); and "all other property within the State, except that exempted, is declared to be subject to taxation." § 712.

Such mortgages are, therefore, included in the class of taxable property, and the courts should so hold, unless this will lead to *double taxation*. This objection, it will be seen, is precisely the same as if Mr. McGregor were living and himself urging it. The *lands* sold are taxed to the purchasers. § 714. For these reasons Mr. McGregor is not taxed. He is taxed only in respect to the purchase-money. How can *he* say he is doubly taxed? His vendees, who owe for their lands, have much more ground for complaint than he. They are assessed for the value of the land. § 720. Mr. McGregor may deduct debts owing by him from the money coming to him. § 722.

The purchase-money mortgage is not the land, but a species of property different and distinct. A tax upon the one is not a tax upon the other.

A system of assessments operating with entire equality, and with absolute and relative justice, is a *desideratum*

in government yet unattained, and perhaps unattainable.

We fail to perceive any hardship in Mr. McGregor's case. Suppose a man worth $30,000, all in lands. All will concede he should be taxed upon them. If he sells them, and gets $30,000 in mortgages secured thereon, shall he escape taxation? If the mortgagors do not complain, Mr. McGregor should be content.

Affirmed.