NEELEY v. WISE ET AL.

1. **Descent**: THROUGH PARENT: CHILDREN OF THE HALF BLOOD. Under the Revision, children of the half blood inherited equally with children of the whole blood, when the inheritance was derived through the common parent.

2. ——— : ———: CHANGE OF STATUTE. Parties in interest, claiming that the rule is changed by the Code, have the burden to affirmatively establish the fact that intestate's death occurred after the Code took effect, and that the rule is thereby changed.

*Appeal from Fremont District Court.*

MONDAY, OCTOBER 23.

IN 1873, but whether before or after the Code took effect does not appear, Nancy Neeley died intestate, without issue, seized of certain real estate. Her parents were dead at the

time of her decease. The appellants, B. F. Wise and others, are her brothers and sisters. After the death of her mother, her father married Julia Ann McCoy, by whom he had three children. The plaintiff, husband of the deceased, brought this action to obtain partition of said real estate, and claiming he was entitled to one-half thereof. The appellants, brothers and sisters of the deceased, claim the residue. The appellees, Julia Ann McCoy as widow of the father of the deceased, and her children, claim that they inherited a part of that portion of the real estate not inherited by the plaintiff, the husband of the deceased.

The District Court determined that Julia Ann McCoy and her children inherited a portion of said property, and B. F. Wise *et al.* appeal.

*Anderson & Eaton*, for appellants.

*J. L. Mitchell* and *Harvey & Lehmann*, for appellees.

SEEVERS, CH. J. — The Code provides:

"SEC. 2455. If the intestate leave no issue, the one-half of his estate shall go to his parents, and the other half to his wife. If he leaves no wife, the portion which would have gone to her shall go to his parents.

1. DESCENT: through parent: children of the half blood.

"SEC. 2456. If one of his parents be dead, the portion which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have belonged to the intestate's wife, had she been living.

"SEC. 2457. If both parents be dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on through the ascending ancestors and their issue."

These sections are identical with the corresponding sections in the Revision, except that 2497 in the Revision is as follows:

"SEC. 2497. If both parents be dead, the portion which would have fallen to their share, or to either of them, by the

above rules, shall be disposed of in the same manner as if they or either of them had outlived the intestate, and died in the possession and ownership of the portion thus falling to their share, or to either of them, and so on through ascending ancestors and their issue;" the only change made being the omission from the Code of the words, "or either of them."

The provisions of the law on this subject, as contained in the Revision, received a construction in *Bassil v. Loffer*, 38

2. ——: ——: Iowa, 451, which is an authority against the position change of statute. of the appellants unless the Code has changed the rule, and the descent was cast after the Code took effect.

The burden is on the appellants to show error; that is, it must affirmatively appear. Hence, if the Code has changed the rule, the abstract should have shown that Nancy Neeley died after the Code took effect. Failing in this, the presumption must be indulged that the court below decided correctly, and that she died before Sept. 1st, 1873.

The fact that appellants are brothers and sisters of the whole blood, of the deceased, makes no difference, as they inherit through the father of the deceased, and so do the appellees. If Mrs. Neeley had died during the lifetime of her father, it must be conceded he would have inherited, and upon his death the estate would have descended to his heirs. Under the statute the same rule prevails in case his death preceded that of the deceased Mrs. Neeley.

There is no complaint made that the appellees have received more than their proper share, if they inherit at all.

The judgment of the District Court must be

AFFIRMED.