MEYER v. THE COUNTY OF DUBUQUE ET AL.

THE SAME v. THE CITY OF DUBUQUE ET AL.

1. **Taxation:** DEBT UNDER CONTRACT. A contract provided that in consideration of a sum named, as a part of the rent paid in advance, and the further sum of one dollar, the receipt of which was acknowledged, the owners of certain realty would convey the same by deed of general warranty to the party so paying, provided that he should pay the taxes until April 1, 1879, and the additional sum of nine hundred dollars per annum as rent, and then, on that date, pay eighteen thousand dollars: *Held*, that the contract amounted to a sale of the premises, it constituting in legal effect a mortgage for the purchase money, and that the sum to be paid thereafter was an indebtedness to the grantor, taxable to her as personal property.

2. ———: JOINT OWNERS. The assessor is not required to make an examination of the records and apportion the assessment among joint owners of property according to the interest of each.

*Appeal from Dubuque District Court.*

WEDNESDAY, OCTOBER 9.

As THESE two causes present for consideration the same questions, but a single statement of facts is deemed necessary.

In April, 1874, Henry Pfotzer died, seized of lot 64, in the city of Dubuque. As his widow, the plaintiff, had a dower interest therein of one-third, for life, the remaining interest vested in the children of the deceased.

In April, 1873, the plaintiff and said children joined in the execution of a contract whereby D. N. Cooley became vested with certain rights and interests in said premises. The defendants insist that said Cooley purchased said premises, and agreed to pay therefor a large sum of money, which constituted an indebtedness from him to the plaintiff and said children. Such indebtedness was assessed to the plaintiff as personal property, and taxes were levied thereon, and the object of this action is to enjoin the collection of said taxes, and have the same declared illegal.

The District Court found for the defendants, and the plaintiff appeals.

*Graham & Cady*, for appellants.

*H. T. McNulty* and *D. J. Lenehan*, for appellees.

SEEVERS, J.—I. The contract executed by the plaintiff and children of her deceased husband provides that "in consideration of the covenants    *    *    *    to be done

1. TAXATION: debt under contract.

and performed by D. N. Cooley, and the sum of three thousand dollars as part of the rent paid in advance by said Cooley, and the further sum of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, we    *    *    do bind ourselves    *    *    to convey unto the said D. N. Cooley,    *    *    by good and sufficient deed of general warranty in fee simple,    *    *    lot No. 64 in the city of Dubuque,    *    *    *    said conveyance to be made on or before the 1st day of April, A. D. 1879, provided the said D. N. Cooley shall pay all taxes and assessments that shall be levied upon said property between this date and the year A. D. 1879, and shall pay the additional sum of nine hundred dollars per annum as rent for said premises,    *    *    *    and provided further that

the said Cooley pay or cause to be paid unto the said parties of the first part * * * within thirty days of the 1st day of April, A. D. 1879, the sum of eighteen thousand dollars, without interest."

This instrument, fairly construed, amounts to a sale of the premises, and an agreement to convey upon the payment of the purchase money which Mr. Cooley has obligated himself to pay. Under our statute the writing in legal effect is a mortgage for the purchase money. As such it may be foreclosed, and the rights of the parties thereto and thereunder are to all intents and purposes, so far as the enforcement of the same is concerned, the same in legal effect as if the obligors had conveyed the legal title to Cooley, and he had executed a mortgage for the purchase money. In such case the premises would have been subject to taxation in the hands of Cooley, and the amount due as purchase money would have been subject to taxation as personal property belonging to the plaintiff and her co-obligors, and such would not have been a case of double taxation. This was expressly ruled in *McGregor's Ex. v. Vanpel,* 24 Iowa, 436.

The legal title to the premises in the case at bar is in the plaintiff and others, and ordinarily real estate should be taxed to the owner of the legal title, but to this rule there is at least one exception, as was held in *Miller v. Corcy,* 15 Iowa, 166. In that case the premises were sold either wholly or partially on credit, and the vendee went into possession, the vendor agreeing to convey the premises by general warranty deed, upon the payment of the purchase money; and it was ruled the vendee was liable for and should pay the taxes assessed on the premises. There is no distinction between that case and the present, except that in the latter Cooley contracted to do what the law would have implied. It must be evident this cannot so change the *status* of the property or parties as to relieve the purchase money of the burden of taxation.

The terms used in the contract in relation to rent and the

payment of rent may or may not have been used with the design and intent to escape taxation. We are not clear that this case is brought within the rule established in *Waller v. Jaeger*, 39 Iowa, 229. But the terms used in the contract are not conclusive. If this were so parties could readily so form contracts as to prevent the taxation of certain species of property, and by agreement share or divide the amount saved. Public policy requires that the nature, scope, object and intent of contracts should be scanned, and their legal effects determined therefrom, without too much regard given to the terms and expressions therein, used with, perhaps, an object in view. So looking at this contract we think it is one of sale and not lease. The annual rent reserved is, to all intents and purposes, interest on the purchase money.

II. The money due under the contract is payable to the plaintiff and her co-obligors. The tax thereon was assessed to her individually, and the defendants claim the right to enforce the collection of the same by a sale of her individual property.

2. ——: joint owners.

The contract does not furnish any information as to the respective interests of the obligors. It is to be presumed the records of the proper probate court, if examined, would have disclosed such interests, provided there had been no sale of the interest of any one to another, or to a stranger, which might well exist, and yet no record thereof be found.

But can the assessors be required to make such examination, and determine the exact interest of several owners of personal property, and if they should be honestly mistaken as to the extent of the interest of each, all, or a portion of the tax assessed thereon, be regarded as illegal? Be this as it may, there was personal property owned jointly by several persons, the respective interests of each was not readily ascertainable, it was liable to taxation, and it was the duty of such owners to list the same. They did not do so, and it was assessed to one such owner, and the taxes levied accordingly. The said taxes constituted in one sense a debt by one or all of said

persons jointly, and the assessment could be well made accordingly.    There is no hardship in this rule, as the plaintiff can readily require her co-obligors to contribute.

We have determined the questions presented without reference to the manner in which the action was brought in the court below, because counsel have not seen proper to contest the regularity of the mode adopted to present the questions to the court.

AFFIRMED.