# THE STATE OF IOWA,

## DES MOINES, DECEMBER TERM, A. D. 1879.

IN THE THIRTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎫
" JAMES G. DAY, ⎬ JUDGES.
" JAMES H. ROTHROCK. ⎭

---

## MOORE ET AL v. WEAVER ET AL.

| 53 | 11 |
|----|----|
| 97 | 596 |

| 53 | 11 |
|----|----|
| 102 | 179 |

| 53 | 11 |
|----|----|
| 106 | 307 |

| 53 | 11 |
|----|----|
| 137 | 252 |

1. **Descent:** INHERITANCE FROM CHILD: DOWER. Where an intestate left neither wife nor children, and both his parents were dead, his father having died last, leaving a second wife, it was held that the latter was entitled to one-sixth of the real property left by decedent, being one-third of the share which would have been inherited by her husband had both parents of deceased been living at the time of his death.

*Appeal from Jones District Court.*

MONDAY, DECEMBER 15.

THIS is an action for the partition of certain real estate. William Moore, jr., died intestate, seized in fee of the lands

described, and leaving surviving him neither wife, child, nor parent. His mother, Ann Moore, died prior to the death of his father, William Moore, sr. William Moore, sr., after the death of his wife Ann, married the plaintiff Alvira Moore. The plaintiffs and the defendants differ in their views as to the proportion in which the estate shall be divided.

The only question in the case is whether Alvira Moore, the step-mother of the intestate, is entitled to one-sixth of the estate as her share. The court below found that she was, and distributed the estate in accordance with that fact. The defendant appeals.

*Sheean & McCarn*, for appellants.

*King & Dietz*, for appellees.

DAY, J.—The case involves an application of the principles of the following sections of the Code:

SEC. 2440. One-third in value of all the legal or equitable estates in real property posessessed by the husband at any time during the marriage, which has not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survives him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband.

1. DESCENT: inheritance from child: dower.

SEC. 2455. If the intestate leave no issue, the one-half of his estate shall go to his parents and the other half to his wife; if he leaves no wife the portion which would have gone to her shall go to his parents.

SEC. 2456. If one of his parents be dead, the portion which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have belonged to the intestate's wife had she been living.

SEC. 2457. If both parents be dead, the portion which would have fallen to their share by the above rule, shall be

disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on through ascending ancestors and their issue.

The intestate left no issue, nor wife, and both his parents were dead. We must then inquire what would have been the result, under section 2457, if both the parents of the intestate had survived him, and died in the possession of the portion falling to their share. If the parents of the intestate had survived him, his father would have become seized of one-half of the estate and his mother of the other half. Upon the death of the mother her half would have descended to her legal heirs. The father would still have continued the owner of his half. Upon his marriage to the plaintiff Alvira, she would have acquired inchoate rights in this property, and upon his death she would have been entitled to one-third part of it in fee. That the above would have been the result had the intestate's parents survived him, there can be no question. But section 2457 of the Code declares that under the circumstances of this case the property shall be disposed of in the same manner as if the intestate's parents had outlived him. We must, therefore, for the purposes of this case, suppose the intestate's parents living at the time of his death. It is urged that the husband of the plaintiff, Alvira Moore, was at no time possessed of an estate in the property in question, and that, therefore, she cannot, under section 2440, take any interest therein. The answer is that under section 2457, the property is to be disposed of in the same manner as if the plaintiff's husband had been possessed of an estate therein. See *Neely v. Wise*, 44 Iowa, 544. The judgment of the court below is correct, and is

AFFIRMED.