Tuttle v. Griffin.

TUTTLE v. GRIFFIN.

1. **Tax Sale and Deed:** UNKNOWN OWNER: NO ONE IN POSSESSION: DEED WITHOUT NOTICE. Where land has been sold for taxes, and, at the time when notice of the expiration of the period for redemption should be given, under § 894 of the Code, the land is taxed to unknown owners, and there is no one in possession upon whom to serve the notice, *held* that the statute fails to provide for notice in such a case, and that, after three years, a valid tax deed may issue without any such notice. *Fuller v. Armstrong*, 53 Iowa, 683, followed.

   ROTHROCK, C. J., *dissenting.*

2. **Practice in Supreme Court:** STARE DECISIS. A decision of this court, construing a statute upon which many transactions involving the title to real estate may be based, will not be overruled, even though there may be doubt about the correctness of the decision. The proper remedy in such a case, if any is needed, is with the legislature.

*Appeal from Clay District Court.*

THURSDAY, OCTOBER 9.

ACTION to redeem from a tax sale. The plaintiff averred in his petition, in substance, that since January, 1875, he has been the owner of a certain forty acres of land in Clay county; that he failed to pay the taxes thereon for the year 1878, and that in November, 1879, at an adjourned tax sale, the county treasurer sold the land to the defendant; that for each and every other year until the commencement of this suit the plaintiff has paid the taxes on the land; that from January, 1875, to January, 1883, the land was wild and uncultivated, and no person was in the actual possession of the same; that for the years 1879, 1880, 1881 and 1882 the land was not taxed in the name of any one, but was taxed for said

years to unknown owners; that on the twenty-ninth day of November, 1882, the defendant filed with the county treasurer his certificate of purchase of said land, issued in pursuance of the tax sale, and also his affidavit, setting forth the fact that said land had been taxed to no person, and that no person had been in possession thereof for more than three years prior to the said twenty-ninth day of November, 1882, and that the same was taxed to unknown owner; that upon the filing of said certificate and affidavit the treasurer executed and delivered to the defendant a tax deed to the premises; that no notice of the expiration of the right of redemption was served upon the plaintiff, or any other person, either by publication or otherwise; that the treasurer's deed shows on its face that no notice of the expiration of the right of redemption was at any time served on any person.

There was a demurrer to the petition, upon the ground that the facts stated therein did not entitle plaintiff to the relief demanded. The demurrer was sustained, and the plaintiff appeals.

*Ainsworth & Hobson*, for appellant.

*Parker & Richardson*, for appellee.

ADAMS, J.—This action was submitted upon printed arguments at the September term, 1883. We were then advised that other cases involving the same question were about to be submitted, and in which additional arguments would be made. The question presented being one of importance as affecting many tax titles, we desired to obtain all the aid possible by way of arguments of counsel. The consequence is that the disposition of the case has been considerably delayed.

It will be observed that the question presented was determined in *Fuller v. Armstrong*, 53 Iowa, 683. The question

1. TAX SALE AND DEED: unknown owner: no one in possession: deed without notice.

is as to whether a tax deed can properly be issued where the land is taxed only to unknown owner, and where no one is in the actual occupancy of the same. It was held in *Fuller v. Armstrong* that it can. We are now asked to overrule that decision.

It is contended by the plaintiff that a tax deed has no validity except by statute, and can be issued properly only in accordance with the provisions of statute, and that there is no provision for the issuance of a tax deed, except after the lapse of ninety days from the time of the service of notice upon the person in whose name the land is taxed, and upon the person in possession. Code, §§ 894 and 895. It is said that in *Fuller v. Armstrong* the court went beyond the statute, and held that a deed may be issued in a case where the statute makes no provision for a deed. The question presented is certainly not free from difficulty.

There are, without doubt, many thousand acres of land in Iowa upon which the taxes have become delinquent, and which is unoccupied and taxed to unknown owners. It appeared to us, when the case of *Fuller v. Armstrong* was before us, that to hold that a tax deed could not be obtained upon such land while thus taxed or unoccupied would not only be a great surprise to those whom the state had invited to pay the taxes by purchase at tax sale, but would greatly embarrass the collection of the public revenue from the time such decision should be made. Taking the statute as a whole, it appeared to us that the intention of the legislature must have been that the provision for service of notice of the expiration of redemption was applicable only where such service was possible, and that where it was impossible the time of redemption would expire without notice. Nothing is more certain than that the legislature intended that the whole revenue should be collectible. All land is liable to be sold when the taxes are suffered to become and remain delinquent. But a sale has no significance unless it can carry title. The issuance of a deed is only the consummation of the sale, and the promise of a deed is necessarily involved in every sale. Where the provision for notice cannot be complied with, and where, for that reason, it cannot be deemed to have any application, we think that a deed may issue in accordance with the general design of the statute, and that is, that the sale may be

consummated by a deed, where the owner has had three years in which to redeem, and the holder of the tax certificate has complied with the statute as far as it is in his power to do.

The provision for notice is for the benefit of the owner. If the notice cannot be given, it is partly by reason of the owner's fault, and he is hardly in a condition to complain. He might have had the statutory notice, actual or constructive, if he had seen to it that the land was taxed in his name, as it should have been.

But if we had more doubt than we have about the correctness of the decision in *Fuller v. Armstrong*, we should hardly feel at liberty now to overrule it. That decision was made in June, 1880. Since then there have been two sessions of the legislature. If the owners of land unoccupied and taxed to unknown owners felt aggrieved by the decision, they should have gone to the legislature and procured an act that land, while unoccupied and taxed to unknown owner, should not go to tax deed. But this has not been done. In the mean time the decision has stood as a rule of property for more than four years. What property has changed hands upon the strength of it, or what has been expensively improved, we do not know. In matters of this kind the court should overrule its decisions only when some great mischief is to be prevented. No one would claim that this is a case of that kind. We think that the demurrer was properly sustained.

2. PRACTICE in supreme court: stare decisis.

AFFIRMED.

ROTHROCK, CH. J., *dissenting.*