97 593
106 307

In the Matter of the Estate of James Monroe Parker, Jr., S. F. Smith, et al., Trustees, v. Wm. F. Parker, Administrator, et al., Appellants.

**Descent and Distribution:** STEPMOTHER'S INTEREST. Under Code, section 2455, providing that the surviving parents of an intestate leaving surviving him neither wife nor child, shall each take one-half his estate; and section 2456, providing that in such a case, if one parent be dead, the surviving parent shall take the entire estate; and section 2457, providing that, if both parents be dead, their share shall be disposed of as if they had outlived the intestate, and died in possession and ownership of their shares,—a stepmother who survived her stepson was entitled, where he died unmarried after his father, to one-third of the share which would have gone to her husband, or one-sixth of the whole estate, though Code, sections 2436 and 2440, give a widow one-third of the real property "possessed" by her husband during marriage, and one-third of the personal property which he owned at his death.

*Appeal from Scott District Court.*—Hon. C. M. Waterman, Judge.

Friday, April 10, 1896.

Application in probate for the allowance, in favor of the estate of the stepmother of the decedent, of a share in his estate. There was a hearing on the merits, which resulted in an order making the allowance asked, and directing its payment. From that order, the administrator of the estate and Josephine T. Brisbin, and William F. Parker, appeal.—*Affirmed.*

*Davison & Lane* for appellants.

*Bills & Hass* for appellees.

Robinson, J.—James Monroe Parker, Jr., a resident of Scott county, died, intestate, unmarried, and without issue, in September, 1892, leaving property of considerable value. His mother died in the year 1869, leaving, as her only issue, James Monroe Parker, Jr., William F. Parker, and Josephine T. Brisbin. His father subsequently married, but in February, 1892, died, leaving a widow, Ella W. Parker, and, as his only issue, the children of his former wife we have named. The will of the father made provision for the widow, but she did not consent to take under it, and claimed her distributive share as given by law. In October, 1892, the widow died testate. By her will, her estate was given in trust to S. F. Smith and A. W. Vanderveer. The trustees named filed their petition in this case, claiming that Ella W. Parker was entitled to one-sixth of the property left by James Monroe Parker, Jr., and asking that the administrator of his estate be ordered to pay to them that amount. The administrator and William F. Parker, who was the only brother of James, Jr., and Josephine T. Brisbin, who was his only sister, deny that the stepmother was entitled to any share of his estate. The district court adjudged that the trustees were entitled to one-sixth of it, and ordered the administrator to pay to them that share. We are required to determine whether the stepmother was entitled to any part of the estate of her deceased stepson. It is conceded that, if she was, the amount of recovery was correctly fixed by the district court.

The provisions of law which are especially applicable in this case are found in the following sections of the Code:

"2455. If the intestate leave no issue, the one-half of his estate shall go to his parents, and the other

half shall go to his wife; if he leaves no wife, the portion which would have gone to her, shall go to his parents.

"2456. If one of his parents be dead, the portion which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have belonged to the intestate's wife, had she been living.

"2457. If both the parents be dead, the portion which would have fallen to their share, by the above rules, shall be disposed of in the same manner as if they had outlived the intestate and died in possession and ownership of the portion thus falling to their share, and so on through ascending ancestors and their issue."

Under these provisions, the estate of the deceased son is to be disposed of in the same manner that it would have been had both his parents survived him, and died in possession of their respective shares. In other words, one-half of the estate will go to those who would have taken the mother's share, had she died in possession, and one-half will go to those who, under the same circumstances, would have taken the share of the father. It follows that Josephine T. Brisbin and William F. Parker would have taken the mother's share, and at least two-thirds of that of the father. Had the latter died in possession of his share, one-third of it would have become the property of the widow; but it is said that, as he did not die in possession of that share, his widow cannot take any part of it, for the reason that the share given to her by statute was one-third in value of all the legal or equitable estates in real property possessed by her husband at any time during their marriage, which had not been sold on execution or other judicial sale, and to which she had not relinquished her right, and one-third of the personal property which he

owned at death. It is true, the share of the widow is so fixed by sections 2436 and 2440 of the Code; but the sections we have quoted, give to the widow additional rights, and provide for the distribution of estates in the cases to which they apply. In this case, they gave to the stepmother one-third of the share of the estate of her stepson, which her husband would have been entitled to had he survived his son, or one-sixth of the entire estate of the latter. This conclusion is fully supported by the opinion in *Moore v. Weaver*, 53 Iowa, 11 (3 N. W. Rep. 741), which is identical in principle with this case. That opinion is assailed by the appellants, who insist that it is erroneous, and contrary to the reasoning in *Lash v. Lash*, 57 Iowa, 88 (10 N. W. Rep. 307), if not to the the law, as therein announced. Nothing in the case last cited is in conflict with *Moore v. Weaver*, and that adopted a rule of property which is of such long standing that we should not be disposed to overrule it, even though we did not fully approve it. See *McGahen v. Carr*, 6 Iowa, 530; *Tuttle v. Griffin*, 64 Iowa, 455 (20 N. W. Rep. 757). We conclude that the order of the district court was fully authorized, and it is AFFIRMED.