M. A. CRAWFORD, Appellant, v. J. T. LIDDLE AND NEL-
SON HULL, Executors of the Estate of O. N.
HULL, Deceased.

**Municipal Corporations:** SPECIAL CHARTER AND GENERAL LAWS:
*Taxation.* Under Code, section 894, requiring notice of expira-
tion of the time for redemption from a tax sale to be served on the
1 person in whose name the land is taxed, where land was taxed to
"O. N. Hull Estate," the executors who were invested with full
power to sell and convey the real estate and to make title thereto,
were entitled to notice.

ESTATES OF DECEDENT: *Unknown owner.* Land taxed to a decedent's
estate *eo nomine* is not taxed to an unknown owner within the
contemplation of the Code, section 894, requiring a notice of the
expiration of the period of redemption to be given to the person
in whose name the land is taxed before the issuance of a deed to
2 the holder of the tax certificate, where the executors appointed
under the will of the deceased have power to sell and convey the
real estate, and make good and sufficient title thereto without the
approval of a court, as such taxation is in effect against the exec-
utors in their representative capacity; and this is so though a city
having charter power to tax, has listed it to an "unknown owner "

TENDER OF TAXES. A defendant in an action to quiet title who
prayed a cancellation of a tax deed under which plaintiff claims
that he be allowed to redeem, will not be denied the latter priv-
3 ilege because he failed to make a tender of the amount due which
was sufficient at law, where in his answer he offered to pay the
amount which might be found due.

*Appeal from Linn District Court.*—HON. W. P. WOLF,
. Judge.

WEDNESDAY, FEBRUARY 3, 1897.

SUIT in equity to quiet title to certain real estate
in the city of Cedar Rapids. Plaintiff claims to be
the owner thereof by virtue of certain tax deeds
executed to him by the treasurer of said city, on the
eighth day of November, 1894. The defendants deny
the plaintiff's title, and, by way of cross-bill, allege

that the tax deed under which plaintiff claims, is invalid, for the reason that no notice was given of the purpose to issue the same, as provided by statute, although the land was taxed to the estate of O. N. Hull, deceased, and they ask that the deed be canceled, and that they be permitted to redeem the property from tax sale. The cause was tried to the court, resulting in a decree for defendants, and plaintiff appeals.—*Affirmed.*

*John A. Reed* for appellant.

*Deacon & Good* for appellees.

DEEMER, J.—The city of Cedar Rapids is organized and acting under a special charter, and, as such, it is authorized and empowered to assess, levy, and collect taxes for city purposes upon the property within its limits. It is also authorized to sell property for delinquent taxes. The lot in question was sold for taxes by the city of Cedar Rapids to plaintiff's assignor, on October 12, 1891, and he has paid the subsequent taxes for the years 1891, 1892, and 1893. The lot was assessed as "unknown," and so appeared upon the books of the city treasurer and city collector, during all the time material to our present inquiry. It was also vacant and unoccupied. The lot was listed, assessed, and taxed by the county authorities of Linn county during the year 1894, for state, county, and school purposes, to "O. N. Hull Estate." The defendants are executors of this estate, and they claim that plaintiff's tax deed, which was issued in the year 1894, by the city collector, without notice, in virtue of the sale made in October, 1891, is invalid, and that the land is subject to redemption. O. N. Hull died seized of the real estate in controversy, and his executors

were empowered by his will to sell and convey all his real estate.

There are but two questions presented by this appeal. The *first* is; Was it necessary for plaintiff or his assignor to give notice to the executors of the Hull estate, or to any other person or persons, of the expiration of the period of redemption, before taking his tax deed? And the *second:* Was the land taxed to any one at the time plaintiff or his assignor was required to give notice?

The first of these questions involves a consideration of the statutes of the state, the charter of the city, and the ordinances enacted thereunder. Code, section 894, provides: "After the expiration of two years and nine months after date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided by law for the service of original notices, a notice signed by him, his agent, or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire, and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service thereof. * * * Service shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and certified by the holder of the certificate of purchase, his agent, or attorney, shall have been filed with the treasurer authorized to execute the tax deed." This is a general law of the state, applicable to all tax sales, and it must obtain here unless there is something in the charter of the city, or in some subsequent legislation, which makes this case an exception to the general rule. By section 47 of the

charter granted the city in the year 1856, it is provided, "that the city council may provide by *ordinance*, as they may deem necessary for the *assessing, taxing, levying, distraining, advertising, selling, giving certificates and deeds,* or *bills of sale,* and for redemption upon the sale of taxes of real or personal property subject to taxation by law, and to add penalties, interest and costs in like manner, form, and conditions as near as may be *practical* according to the laws of Iowa in regard to revenue." In virtue of this authority, the city passed an ordinance (No. 374), which provided for the listing, assessing, levying, and collecting of taxes for city purposes. This ordinance also authorized sales of the property for delinquent taxes, and for the issuance of certificates of tax sale and deeds by the city collector. The section with reference to the notice of the expiration of the period of redemption is practically a copy of section 894, before quoted, substituting the name "city collector" for "the treasurer of the county" and "treasurer." Another section provides for the issuance of a tax deed by the city collector. In the year 1876, the legislature (Sixteenth General Assembly), passed a general law relating to collection of taxes applicable to all cities acting under special charters, which contained the following, among other, provisions: "The provisions of sections 892, 893, and 894 of  *  *  *  the Code shall, so far as the same are applicable and not herein changed or modified, apply to sales for delinquent taxes herein contemplated, provided that where the words 'treasurer of the county,' or 'treasurer,' are used in said sections, the words 'collector of the city,' or 'collector,' or other person authorized to act as collector shall be substituted." Acts, Sixteenth General Assembly, chapter 116, section 6; Acts Seventeenth General Assembly, chapter 174, section 1. "Immediately after the expiration of ninety days from date of

service of the notice as prescribed by section 894 * * * of the Code, the collector or person authorized to act as collector then in office, shall make out a deed for each lot or parcel of land remaining unredeemed, and deliver the same to the purchaser upon the return of the certificate * * *" Acts Sixteenth General Assembly, chapter 116, section 7. These provisions are found in McClain's Code, as parts of sections 958 and 959. The contention of appellant seems to be that, as complete authority and power are given the city to provide by ordinance for the assessing, levying, distraining, advertising, giving certificates and deeds, or bills of sale of property, for the purpose of raising revenue for the city, the section of the ordinance with reference to notice of the expiration of the period of redemption is valid, and that, where the land is taxed as "unknown" by the city authorities, no notice is required, even though the county authorities have assessed the same property to a known owner. Were it not for the acts of the Sixteenth and Seventeenth General Assemblies, before referred to, there would be much force in this position, although it is well to bear in mind that the charter of the city says that the proceedings of the city in the levy and collection of taxes, and the sale of property therefor, shall conform as nearly as practicable to the laws of Iowa in regard to revenue. But the legislature saw fit, in the more recent enactments to which we have called attention, to make section 894 applicable specifically to notice given of the expiration of the period of redemption from sales for taxes levied by city authorities. A consideration of section 959 of McClain's Code, seems to remove all doubt on this score, for it specifically refers to the notice required by section 894 of the Code of 1873, and exacts the giving of such a notice before the city collector is authorized to make a deed.

The city has no authority in the matter except as it is given by express terms or necessary implication, and, where an express method of giving notice is required, no other will be implied. If the notice to be given was not fixed by statute, it may be that the city could regulate the matter by virtue of its inherent or implied powers, in order to carry out its objects and purposes as a corporation, to which had been delegated the power to levy and collect taxes. But in this case, not only is the power conferred, but the manner of its execution is expressly stated. There is no room, then, for construction or interpretation; and it follows that the notice which the holder of the certificate must give is the one provided by section 894 of the Code. If the lands are taxed as "unknown," then no notice is required; but, if they are taxed by the county authorities to any person, then the holder of the certificate of purchase issued to him by the · city authorities for lands or lots sold for taxes by the city must give the notice required by the section last mentioned. In this case the lands were taxed as "unknown" by the city authorities, but this is wholly immaterial to the issues we are now considering. They were taxed by the county authorities to "O. N. Hull Estate," and so appeared upon the county records at the time the plaintiff was required to give his notice.

This brings us to the second question in the case, and that is, does such a taxation require notice to any one? Appellant says that the "O. N. Hull Estate" is not a person, within the meaning of the statute; that such a taxation is virtually a taxation to unknown owners; and that the case falls within the doctrine announced in *Fuller v. Armstrong*, 53 Iowa, 683 (6 N. W. Rep. 61); *Tuttle v. Griffin*, 64 Iowa, 455 (20 N. W. Rep. 757), and other like cases, which hold that where the land is taxed to unknown owners, and

there is no one in possession, no notice is required. Was the land taxed to unknown owners, within the meaning of section 894, of the Code? It is true that the "O. N. Hull Estate" is not a person, either natural or artificial, but is an entity, known to, or recognized by the law. When we speak of an administrator or executor of an estate, we have in mind a representative of something. True, this something may be a thing, and not a person, but it is nevertheless an entity, although it may have no personal attributes. The estate itself has personal representation through an administrator or executor, and, when land is taxed to an estate, the charge is *ex proprio vigore* against the administrator or executor in his representative capacity. Where the land of which the owner dies seized, passes immediately to his heirs, it may be that such taxation as was here made, would ordinarily be insufficient, for the reason that the administrator, as such, has no power over, or right to the real estate. This point we need not at this time decide, for in this case the deceased gave his executors (the appellees herein), full power and authority to sell and convey the real estate, and to make good and sufficient title thereto, without the approval of the court. Such a delegation of power made the executors the representatives of the estate of O. N. Hull, and, when the land was taxed to the estate, it was, in effect, taxed as against them in their representative capacity. The purpose of the law is, to apprise the owner or his representative, of the fact that his land has been sold for taxes, and to give him an opportunity to redeem it before he shall be barred of all claim thereto; and the law should be so construed as to effectuate this object, and not to thwart it. The rule of the *Fuller, Armstrong*, and other like cases, was not adopted without a struggle, and we are not inclined to extend it further

than the circumstances will warrant. Courts are loath to deprive one of his property without notice and without opportunity to defend against it; and the books are full of cases holding, that any legislation which attempts to deprive one of his property without notice is void. The cases to which we have referred were bottomed on the thought that notice must be given in all cases where service is possible, and that a deed might issue without notice only in those cases where notice was impossible. Here the lands were not only taxed to the estate of O. N. Hull, but it appears that a little investigation of the records of the county would disclose that the executors had some duties to perform with reference to the real estate in question. These records would also disclose the names of all the heirs, and would give all needed information as to the persons who should be served with notice. Our conclusions on this branch of the case find some support in the following cases: *McGregor's Executor's v. Vanpel,* 24 Iowa, 436; *Dickinson v. Reynolds* (Mich.) 12 N. W. Rep. 24; *State v. Platt,* 24 N. J. Law, 115; *Moale v. Mayor, etc.,* 61 Md. 238; *Wheeler v. Anthony,* 10 Wend. 346. We do not think the lands were taxed to an unknown owner, and it follows that notice was required. As no notice was given, defendants have the right to redeem.

III. Appellant says in argument that appellees are not entitled to redeem, because no sufficient tender was made, and, if properly made, it was not kept good. It is no doubt true defendants did not make a tender which would be sufficient at law. But this is an equitable proceeding, and the rule in such cases does not require an actual tender of the amount found due, in order to entitle a party to redeem. An offer in the pleadings to pay the amount found due is all that is required. *Taylor v. Ormsby,* 66 Iowa, 112 (23 N. W. Rep. 288); *Clapp v. Greenlee,* 100 Iowa, 586

(69 N. W. Rep. 1049), and cases cited. We have examined all questions presented by counsel for appellant, and discover no reason for disturbing the decree of the court below. It is, therefore, AFFIRMED.