A. E. NUGENT, Appellee, v. CELIA M. COOK, ET AL. Appellants.

**Taxation:** EXPIRATION OF REDEMPTION : NOTICE. The party to whom
1  a tax sale certificate has been assigned, although as an accommodation simply for the purchaser who retains the beneficial interest, is the proper person to issue the redemption notice.

**Same.** Where the one to whom the land was assessed dies before
2  a notice of redemption from a sale for the tax was attempted to be served, the case should be treated as though the land had been assessed to an " unknown owner," and a publication of the notice of redemption is unnecessary; nor need notice be given to the legal representatives of the deceased.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H.
ROTHROCK, Judge.

TUESDAY, JANUARY 16, 1906.

ACTION in equity to quiet title to real estate. Defendants by a cross-petition assert that a tax deed under which plaintiff claims title is void, and they demand that the same be set aside, and that they be allowed to redeem. The trial in the court below resulted in a decree in favor of plaintiff, and the defendants appeal. *Affirmed.*

*Redmond & Stewart,* for appellants.

*Clark & Clark,* for appellee.

BISHOP, J.— The entire controversy as presented by the record before us centers upon the validity of the tax title to the property in question, held by plaintiff through mesne conveyances under a tax deed issued by the treasurer of Linn county. The tax sale upon which the deed is based took place December 4, 1899, and was for the delinquent taxes of 1898. The deed was issued and placed of record on April

11, 1903. The property consists of a vacant lot in the city of Cedar Rapids, and at all the times in question was assessed and taxed in the name of J. F. Dean. It appears, however, that in January, 1899, Dean sold and conveyed the lot to the appellant Celia M. Cook. Dean died in February, 1902, at Cedar Rapids, and Charlotte T. Dean, his widow, was appointed and qualified as administratrix of his estate in the Linn district court.

The tax deed was issued in the name of L. H. McQuitty, to whom the certificate of sale had been assigned by the tax sale purchaser. It was based upon an affidavit of one George W. Wilson, stating, among other things, that the property was vacant, and that J. F. Dean, the person to whom assessed, was a nonresident of Linn county; also proof of service by publication of a notice addressed to J. F. Dean and Celia M. Cook, such publication being had in manner and form as required by law. The appellee places reliance upon the tax title thus acquired, and the subsequent mesne conveyances, to sustain the decree quieting his title. The appellants attack the tax deed upon substantially two grounds: (1) That said L. H. McQuitty was not the lawful owner and holder of the certificate of tax sale; the true and beneficial owner being John A. Reed. (2) That, although the death of J. F. Dean and the appointment and qualification of Charlotte Dean as administratrix of his estate was personally well known to said Reed and Wilson, no attempt was made to serve notice upon said Charlotte Dean, either personally or as administratrix. By reason of these matters the defendant asks that she may be permitted to redeem. We may consider such matters in the order stated.

I. McQuitty resides in Pittsburg, Pa., and Reed in Cedar Rapids, this state. It appears that Reed acted for McQuitty in the purchase of the certificate of tax sale, and it may be conceded, as contended for by appellant, that the record shows that McQuitty was acting advisedly in allowing his name to be

1. Taxation: expiration of redemption: notice.

used by Reed for purposes connected with obtaining tax titles, and that it was understood that Reed was the party beneficially interested, in the transactions thus had. Accepting the facts to be as thus contended for, they cannot avail to disturb the tax title. McQuitty was the lawful holder of the certificate, and the statute, which is solely authoritative, requires no more than that the party acting shall be " the holder of the certificate of purchase." Code, section 1441. The interests of Reed, whatever they are, could be important only as the question might arise between himself and McQuitty. There is nothing in the record to indicate that as to appellant it was important who was the holder of the certificate. As the requirement of the statute was met, it was sufficient.

II. As Dean was dead when notice of the expiration of the time for redemption was attempted to be served, of course no such thing was possible as service upon him.

2. SAME    There was, then, no one in existence " in whose name the property is taxed." It was a farcical proceeding, therefore, to attempt service by publication of notice based upon the notion that, being dead, he (Dean) was to be classed as a nonresident of the county. We have recently held that, where it appears that the person to whom the property is taxed is dead, the case stands as though the assessment was made under the heading of " Unknown." See the case of *Grimes v. Ellyson* (Iowa), 105 N. W. 418. And all our cases agree that, as notice in such cases is not possible, there can be no requirement therefor. It follows that it can make no difference whether Wilson was properly authorized, or that the affidavit made by him was sworn to before Reed.

But counsel for appellant insist that under the circumstances notice was necessary to be given to the administratrix of Dean. There is no merit in this contention. Not only is the statute solely authoritative, but it measures all the requirements to a perfect title. If the Legislature had

thought it advisable that notice should be given to the heirs or legal representatives of the person to whom assessed, it would have said so. Not having spoken on the subject to such end, we are not permitted to add the requirement. The case of *Crawford v. Liddle*, 101 Iowa, 148, principally relied upon by appellant, is not in conflict with the view above expressed. There the property was assessed and taxed to the " O. N. Hull Estate," a legal entity. It was as though taxed to a partnership or corporation, and accordingly it was held that a notice to " O. N. Hull Estate " was necessary.

We conclude that the tax deed carried title, and this conclusion makes it unnecessary to discuss any of the other questions raised in argument.— *Affirmed.*