J. W. GRAY, Appellee, v. D. A. MORIN et al., Appellants.

No. 42514.

JUNE 23, 1934.

A. R. Strong and Sam G. Pickus, for appellants.

Geo. H. Bliven and Sherman McKinley, Jr., for appellee.

STEVENS, J.—This is an action to quiet title to real property, and involves only a question of the validity of the tax deed upon which appellee predicates his title. The tax deed was issued by the county treasurer of Woodbury county on May 23, 1933, to appellee.

Appellant is the holder and owner, by assignment, of a special paving assessment certificate under which he claims rights and interests in some of the property superior to those of appellee. This contention proceeds upon the theory that the tax deed held by appellee is wholly void. Appellant's plea of invalidity is based upon the alleged failure of appellee to cause the necessary notice of redemption to be served upon the owner of the property.

The facts and procedure affecting the sale are as follows:

The property was sold on December 2, 1929, by the county treasurer for the regular 1928 taxes, and also upon special assessments to appellee. Notice of expiration of the period of redemption, with affidavit of service attached, was filed in the office of the county treasurer on February 2, 1933. On the 23d day of May, 1933, the tax deed in question was issued to appellee. The property involved was last assessed in the name of the owner, Anna Morin, who deceased on August 3, 1930. The defendant D. A. Morin is her surviving spouse, and Marguaritte Morin Paschall her sole and only heir at law. On the 1st day of June, 1932, the clerk of the district court of Woodbury county filed in the office of the county auditor the certificate required by section 10125 of the Code. The notice of expiration was served only upon the person in possession. The affidavit of service recites the fact that Anna Morin was then deceased. It is the claim of appellant that the notice of redemption should have been served upon D. A. Morin, who, according to the certificate of the clerk of the district court, was then the owner of the property, and that, in the absence of such notice, the tax deed is without validity.

It is provided by section 7279 of the Code of 1931, that the notice of redemption shall be served upon the person in possession of the real property, and also upon the person in whose name the property is taxed, if such person resides in the county where the land is situated. No statutory provision is made for service upon any other person or persons. Except as the certificate of the clerk of the district court, filed in compliance with section 10125 of the Code of 1931, enters into consideration, Anna Morin was the person in whose name the property was taxed. The purpose of the certificate of the clerk is to show the record of transfer in the office of the county recorder. The record required to be kept of transfers of real property is in no sense a taxing statute. It is a requirement affecting the transfer of real property. The property in question

542

was subject to a lien for the taxes assessed thereon for the year 1928. No further action of any kind was necessary to complete the assessment or the lien thereon for the taxes levied. The statute does not require notice of redemption to be served upon the owner, but upon the person in whose name the property is taxed, who, of course, was then the owner. The property in question had never been taxed in the name of D. A. Morin. If the person in whose name the property is taxed is deceased, the statutory requirement for notice thereon ceases to be effective. Nugent v. Cook, 129 Iowa 381, 105 N. W. 421; Grimes v. Ellyson, 130 Iowa 286, 105 N. W. 418.

It is no doubt true that, had appellee searched the office of the county auditor for the record of transfers of real property, he would have ascertained the fact that the certificate of the clerk of the district court had been duly filed, and that the transfer entered upon the proper record would have shown that D. A. Morin was the owner of the property. In the absence of statute requiring service upon the owner who acquired title subsequent to the last preceding listing of the property for taxation, none is necessary. The notice involved in this action in controversy complied with the requirements of the statute, as also did the proof of service.

There would seem to be a further conclusive reason why appellant cannot prevail in this action. It is provided by section 7290, Code of 1931, that:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

Appellant does not claim title to the real property, but only that, as the holder of the special assessment certificate, he has the right to redeem from the tax sale. He therefore does not come within the class designated by the foregoing statute who may question the validity of a tax deed. This statute has been interpreted and applied in numerous cases by this court, and, under the rule apparently firmly established, appellee has no right to contest the validity of the deed. Incorporated Town of Story City v. Hadley, 214 Iowa 132, 241 N. W. 649, and cases therein cited.

Appellant concedes that if the tax deed be held valid all of his rights as the holder of a special assessment certificate are extinguished.

It is the conclusion of the court that the judgment and decree should be, and it is, affirmed.

All Justices concur.