IN RE ESTATE OF LLOYD E. SMITH.

LOUIE BISHOP, Appellant, v. EFFIE B. SMITH et al., Appellees.

No. 43718.

June 15, 1937.

Opinion Modified on Rehearing February 15, 1938.

Davis & Morris, for appellant.

W. H. Keating and C. E. Hutchins, for Effie B. Smith, administratrix and claimant, and Letha E. Smith, claimant and appellee.

McCoy & McCoy and LeRoy E. Corlet, for the collateral heirs of Genorah Smith, appellees.

Kintzinger, J.—In 1902, Louie Bishop, at that time the sole surviving natural parent of Lloyd E. Bishop, later Smith, duly and legally executed adoption papers of his son, Lloyd E. Bishop, to Alfred B. Smith and his wife, Genorah Smith.

Genorah Smith, the adopting mother, died during the year 1909. A few years thereafter, Alfred B. Smith married Effie B. Smith. Effie B. Smith, however, never adopted Lloyd E. Smith.

Alfred B. Smith, the adopting father, died March 25, 1921, leaving as his spouse Effie B. Smith, and as his sole surviving children, Lloyd E. Smith and Letha E. Smith.

Lloyd E. Smith died in June, 1935, intestate, leaving no spouse and no children surviving. At the time of his death, his natural father, Louie Bishop, and his natural sister, Mrs. Rose Livingston, were still living. At the time of his death, he was also survived by Letha E. Smith, his adopting father's daughter by his second marriage, and a number of collateral heirs of his adopting mother, Genorah Smith.

The contest in this case arises between the decedent's natural father and sister and the heirs of his adopting parents, each class claiming to be the legal heirs of the entire estate of said Lloyd E. Smith, deceased.

A few days after decedent's death, Effie B. Smith was appointed administratrix of the estate of Lloyd E. Smith. A short time thereafter Louie Bishop and Mrs. Rose Livingston, the natural father and sister of decedent, filed an application to set aside said appointment of Effie B. Smith, as such administratrix.

The lower court found and held that the heirs of the adopting parents were, under the statute, legally entitled to the entire estate of Lloyd E. Smith, and as a necessary result also denied the application to set aside the appointment of Effie B. Smith, as administratrix of decedent's estate. The lower court also held that Letha E. Smith, the daughter of decedent's adopting father, was entitled to one-half of the estate, and that the collateral heirs of Genorah Smith, the decedent's adopting mother, were entitled to the other half of said estate. From this ruling, the natural parent and sister appeal.

The determination of this case involves the construction of a large number of statutes relating to the rights, duties, and relations created respecting statutory adoption, and the rights, duties, and relations resulting therefrom. It also involves the construction of a number of statutes providing for the distribution of the estate of a decedent who was duly and legally adopted by foster parents.

■■■ The ruling in this case is controlled by the recent case of In re Fitzgerald's Estate, 223 Iowa 141, 272 N. W. 117, wherein all the questions here presented were fully discussed and considered in an able opinion written by Justice Anderson. In that case we held that the heirs of the adopting parents are the legal heirs of the adopted child, and that his estate should be distributed, one-half to the heirs of the adopting father, and

one-half to the heirs of the adopting mother; and where such heirs are found, no part of the estate descends to his natural parents or their heirs.

In re Fitzgerald's Estate, supra, was decided by this court in March, 1937. As that case contains an exhaustive discussion of the questions involved herein, no useful purpose will be served by a further discussion thereof here, but that case is hereby referred to for a further consideration of the questions involved, by any one desiring to do so. We are satisfied with the rule announced in the foregoing case, and adhere thereto.

There is, however, one element of distinction between the Fitzgerald case and the instant case. In the instant case the adopting father remarried to one Effie B. Smith, who survived him. Apparently the trial court, in holding that Effie B. Smith, the stepmother of the intestate, was entitled to no part of the estate, failed to take into consideration the rule announced by this court in Moore v. Weaver, 53 Iowa 11, 3 N. W. 741; In re Estate of Parker, 97 Iowa 593, 66 N. W. 908; and Lawley v. Keyes, 172 Iowa 575, at page 579, 154 N. W. 940. What would have been our holding had Effie B. Smith appealed we need not and do not determine for the reason that the matter is not properly before this court. Manifestly, under the pronouncement in the Fitzgerald case, as between appellant, the natural parent, and the heirs at law of the adopting parents, the decision of the trial court is correct and must be affirmed.

 It naturally follows that the ruling of the lower court in refusing to set aside the appointment of Effie B. Smith as administratrix of said estate is also correct.

For the reasons hereinbefore expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

ANDERSON, PARSONS, HAMILTON, SAGER, STIGER, and DONEGAN, JJ., concur.